ACCESSORY TRANSIT COMPANY OF NICARAGUA *v.* GEORGE W. McCERREN
et als.

In an action for vindictive damages for an unfounded and malicious suit, both malice and want of probable cause must be alleged and proved.

The measure of damages to be recovered on an attachment bond, is the actual expense and loss resulting from the levying of the attachment, including the fees of counsel for professional services rendered exclusively in relation to the attachment.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.

*F. H. Clack*, for plaintiff.    *Benjamin, Bradford & Finney*, for defendants and appellants.

BUCHANAN, J.    Defendants are sued as principal and surety in an attachment bond given in a suit instituted by *McCerren* against plaintiffs.

The plaintiffs declare, first, against both defendants, for damages actually sustained in lawyer's fees paid and loss of interest on moneys attached; secondly, against the defendant *McCerren* alone, for vindictive damages for an unfounded and malicious suit.

The District Court properly disregarded the second branch of this action. We have frequently had occasion to decide, that to maintain such a claim, malice and want of probable cause must not only be alleged, but proved. The allegations of the petition are sufficiently full upon both these essential points; but no proof of either has been furnished. It appears that *McCerren* sued the Transit Company for damages for having, in violation of their obligations, annulled a contract which they had made with him.

He also claimed, in the same suit, other and distinct damages for a trespass. The Transit Company answered, first, by formally denying the contract alleged by *McCerren;* and, secondly, by claiming damages of *McCerren*, in reconvention, for violations of the same contract, which violations had justified the company in annulling it. Very evidently, the latter of the two pleas contained in this answer, waived the former; and the parties went to trial upon the cross actions, before a jury, which rendered a verdict in favor of the Transit Company against *McCerren*, without damages. It is impossible to infer malice, and want of proble cause for suit, on the part of *McCerren*, from those pleadings and that verdict.

But the general verdict and judgment for defendants in the suit of *McCerren* against the Transit Company, carried with them necessarily a dissolution of the attachment, which was an incident of that suit. The final judgment is deemed to have settled that the attachment of *McCerren* had been wrongfully obtained, and to have fixed the liability of the principal and surety upon the attachment bond. The measure of damages under that bond, is the actual expense and loss resulting from the levying of the attachment; including the fees of counsel for professional services rendered, exclusively, in relation to the attachment. The writ was levied upon a debt due the company by their agent in New Orleans, *Templeton*, who was made garnishee, and served with interrogatories. He acknowledged a considerable balance in his hands to the credit of the company; but it is admitted that the attachment made no difference in the dealings of *Templeton* with the company, and that he continued to pay out and disburse, for account of the company, as if there had been no garnishment.

In regard to lawyer's fees, as an element of damage in this class of cases, it seems now to be settled by the decision in *Norton & White* v. *Cammack*, 10 An. 10, affirming that of *Penny* v. *Taylor*, 5 An. 714, that, although no separate fees have been stipulated for services rendered in relation to the attachment, as contradistinguished from the defence of the suit at large, yet the court may assess as damages against the obligors in the attachment bond, such proportion of the whole fee paid counsel of the obligee, as it may deem reasonably applicable in remuneration of services peculiarly relating to the attachment.

Acc. Transit Co.<br>v.<br>McCerren.

The services of the counsel of the Transit Company, in the suit of *McCerren* against them, having particular reference to the attachment, consist of two rules, in one of which, having for object to set aside the writ, the company was plaintiff; and in the other, to pay the debt attached into court, the company was defendant. In the first of those rules, the company was partially successful; and in the second, entirely so.

We cannot say that the proportion of counsel fees, admitted to have been paid by the company for defending that suit, which the District Judge has assessed, as applicable to services rendered upon those rules, is unreasonable.

Judgment affirmed, with costs.