[No. 5940.]

## C. E. HURD v. H. BARNHART.

DAMAGES FOR WRONGFUL SEIZURE OF PROPERTY.—The measure of damages for the wrongful seizure and detention of property by attachment is the market value of the use of the property during the time of the detention, not its value to the plaintiff.

COUNTER-CLAIM.—In the case stated, it was error to require proof of special agreement for pasturage on land not leased to defendant.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The action was brought against the defendant as surety on an undertaking which had been given in an attachment suit, wherein H. D. C. Barnhart was plaintiff and the plaintiff herein was the defendant. The penalty of the undertaking was four hun-

dred dollars, and that amount was claimed as damages in this action. The plaintiff, at the time of the attachment, was engaged in the dairy and farming business, and his wagons, horses, cows, and other personal property were seized April 11th, 1876, and detained till June 19th, 1876, when they were released by a judgment in favor of the defendant in that action—the plaintiff herein.

The defendant, Barnhart, set up a counter-claim for various .items, among which was a demand of twelve hundred dollars for pasturing two hundred head of cattle. There was evidence of a lease of certain lands from Barnhart to Hurd.

At the trial the following instruction as to the measure of damages was given :

" What the use of the property was worth to Hurd during the time he was deprived of it by the writ of attachment is the measure of damage, and in ascertaining the value of such use you will take into consideration the use he had for the property so attached, and how he could and would have used it if it had not been taken from him."

The Court also gave the following instruction :

" 6. If you find from the evidence that the land on which the plaintiff pastured his cattle is included in the lease from Barnhart to Hurd, then the defendant is not entitled to recover anything on that item in his counter-claim. But if you should find that said land was not included in said lease, then before the defendant can recover anything thereon, you must be satisfied from the evidence that there was a special agreement between plaintiff and defendant for such pasturage."

Judgment was rendered for the plaintiff in the sum of four hundred dollars, and the defendant appealed.

*Terry, McKinne & Terry*, for, Appellant, as to the measure of damages, cited *Heath* v. *Lent,* 1 Cal. 410 ; *Nightingale* v. *Scannel,* 18 Cal. 315 ; *Hopkins* v. *W. P. R. R. Co.* 50 Cal. 190 ; Sedg. on Meas. Dam. 459.

*W. L. Dudley*, for Respondent.

BY the COURT:

The Court charged that the measure of damages was what the use of the property was worth *to the plaintiff* during the time that he was deprived of it; and that in ascertaining the value the jury should consider how the *plaintiff could and would* have used the property had it not been taken from him.

This was substituting a speculative and peculiar measure of damages for the true rule, which, as applied to the case, was what the use of such property could have been procured for— in other words, the market value—and was erroneous.

The sixth instruction, given at the request of plaintiff, was erroneous in requiring the defendant to prove a special agreement for pasturage on land not included in the lease.

Judgment and order reversed, and cause remanded for a new trial.