KEMP *v.* BROWN *et al.*

*(District Court, E. D. Louisiana.* December 14, 1889.)

1. ADMIRALTY—DAMAGES ON DISMISSAL OF LIBEL—MALICIOUS PROSECUTION.
   One who libels a ship in good faith and without malice, and fails in the suit, is not liable therefor in an action *ex delicto.*
2. SAME—PRACTICE—CROSS-LIBEL.
   On dismissal of a libel, a cross-libel which is not so connected with the subject-matter of the libel as to be maintainable must also be dismissed.

In Admiralty.
*E. W. Huntington* and *Horace L. Dufour,* for libelant.
*Bayne, Denegre & Bayne,* for respondents.

BILLINGS, J. This is a suit for damages for an alleged seizure of a vessel, the steam-ship Clifton, which was owned at the time of seizure by

the North Atlantic Steam-Ship Company, Limited, of the estate of which libelant is liquidator. The facts attending the seizure, necessary to be considered, are as follows: Brown Bros. & Co., believing that certain drafts drawn by the master of the Clifton carried a lien upon the vessel, and that they were for necessary disbursements in a foreign port, libeled the vessel. They libeled her on the 28th day of March, 1888, and released her, and discontinued the suit, upon the 22d April. Four days after, it appeared by the master's testimony that the agents from whom Brown Bros. & Co. received the drafts, at the time they were drawn, had no need of funds, but were supplied with funds sufficient to enable them to make all necessary expenditures for the vessel. During all the time of detention after the disclosures made by the master in his testimony, the vessel was held by other libelants. On the day after seizure, Brown Bros. & Co. consented that an order should be made allowing the unloading of the vessel as if there was no seizure.

There are two questions presented by these facts. First, as to the liability of a party who, in good faith and without malice, comes into an admiralty court and libels ships or vessels, and fails in his suit. The practice and rules in admiralty require that all parties, except mariners, shall, before having admiralty process against a *res*, give a bond in the sum of $250, and further contain liberal provisions for the release of the vessel on bond. It has been urged very strongly by the proctor for the libelant that, notwithstanding this, even in the absence of malice, and with probable cause, he may recover actual damages. He relies upon the law of this state independent of admiralty rules and practice. But I understand the law in this state to be as stated by the supreme court in *Transit Co.* v. *McCerren*, 13 La. Ann. 214, where it is held that no action lies for bringing a civil suit, where plaintiff fails, unless it be alleged and shown to be malicious, and without probable cause. I think that, under the settled practice in admiralty, suits may be brought, and process issue in suits, in which the libelant fails to establish his cause of action; and the libelant, in good faith and without malice, will not be responsible *ex delicto*, but only upon his bond. This suit is brought, not upon any bond, but *ex delicto*. I think, therefore, this falls within the universal doctrine applying to all courts, admiralty and others, which is enunciated in *Stewart* v. *Sonneborn*, 98 U. S. 187, that advice of counsel, and an honest belief on the part of libelant that he was using rightful remedies, exempts him from a suit for a wrong. But it is urged with great pertinacity, and numerous cases are cited to sustain the rule of law, that where the court is without jurisdiction the plaintiff is a trespasser. But the court here had jurisdiction; for jurisdiction depends upon the issue presented by the pleadings, and the libel states a case where the court of admiralty had undoubted jurisdiction, viz., advances to the master upon the credit of the vessel, in a foreign port, for necessary disbursements. The failure of the libelant in the original suit was not from want of jurisdiction, but because the facts were different from what the vessel's agents made them appear to be. The great principle is that, in order to secure the administration of jus-

tice, and to make the determination of disputed rights possible in human tribunals, suitors should be allowed to come into court and prefer their complaints freely, and without any penalty in case of mistake, so long as they do this in good faith. Originally, all suits were commenced by the arrest of the person, or the attachment of the property of the debtor. The rule has always been that good faith exempted from liability for damages even when property was attached. In the common-law courts, attachments have by statute been restricted to specified cases, and then only upon a bond with surety. A similar requirement exists in the admiralty, which exacts an indemnifying stipulation before there can be any process *in rem*. A statute of congress further protects the owner or claimant of the vessel, by permitting immediate release upon bond which takes the place of the *res*. In the common-law courts and in admiralty, where arrest of property is permitted, any actual damage may be recovered under the statute, upon the bond or stipulation. But no suit except upon that statutory contract can be maintained unless malice is alleged and established. The rule is correctly stated in *Henderson* v. *Three Hundred Tons of Iron Ore*, 38 Fed. Rep., at page 41. In this last opinion are cited the early cases showing that the rule as to the right to recover for seizure under process in admiralty is the same as that adjudged, in *Stewart* v. *Sonneborn*, to be the general rule in courts as to the right to recover damages wrought through judicial process. In this case there can be no doubt of the good faith of the defendants. They commenced their suit under the advice of learned proctors. They consented to the seizure being qualified so as to do the seized vessel the least harm, and discontinued the suit very soon after it was disclosed by the testimony of the master that their obligation could not import any lien upon the vessel. The form of the obligation, and the usages of the master and agents of vessels, might easily have induced, and did induce, the belief on the part of Brown Bros. & Co. that the agents of the vessels were without funds, and that the drafts were drawn against the vessel. My conclusion, therefore, is that the libel must be dismissed.

The cross-libel is not so connected with the subject-matter of the libel as to be maintainable, and must also be dismissed.