[No. 18027.   Department Two. — March 9, 1893.]

JOHN ELDER, APPELLANT, *v.* A. KUTNER ET AL., RESPONDENTS.

ATTACHMENT — UNDERTAKING — ACTION AGAINST SURETIES — MEASURE OF DAMAGES. — An action upon an undertaking upon attachment is an action upon contract, and the measure of damages, in an action against the sureties, is the amount which will compensate for the detriment proximately caused to the party aggrieved, or the proximate consequences naturally and ordinarily resulting from the effect of the writ.

ID. — LIABILITY OF SURETIES. — The liability of sureties is limited by the terms and conditions of their contract, and cannot be extended by implication beyond its terms.

ID. — IMPAIRMENT OF CREDIT OF ATTACHMENT DEBTOR — PLEADING — MOTION TO STRIKE OUT. — The impairment of the credit of an attachment debtor whose real property has been attached, and his inability to sell or mortgage the land levied upon, are not the proximate consequence of the attachment, and the sureties upon the attachment bond are not liable in damages therefor. A motion to strike such matter from the complaint, in an action upon the attachment bond, should be granted.

ID. — MALICIOUS ATTACHMENT. — In an action against the sureties on an attachment bond, the questions of motive and probable cause for the attachment are immaterial, and the fact that the attachment was malicious does not affect their liability.

ID. — ATTORNEY'S FEES IN DEFENDING ATTACHMENT — PAYMENT — PLEADING — INCURRING OF LIABILITY NOT SUFFICIENT. — In an action against the sureties on an attachment bond, counsel fees for defending the attachment suit cannot be recovered, in the absence of an allegation that they have been actually paid. An allegation that the plaintiff "engaged an attorney to represent him therein, and incurred attorney's fees" in the amount sought to be recovered, is not sufficient.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion.

*J. P. Meux,* for Appellant.

The plaintiff was entitled to the damages claimed, as they were the necessary and proximate result of the wrongful attachment. (Code Civ. Proc., secs. 529, 539; High on Injunctions, sec. 1673; *Rice* v. *Cook*, 92 Cal. 144; Drake on Attachment, secs. 175, 176.) The case of *Heath* v. *Lent,* 1 Cal. 410, relied upon by the counsel for defendants and the court, has been expressly overruled as to the right to recover for counsel fees as an element of damages. (*Ah Thaie* v. *Quan,* 3 Cal. 216; *Rice* v. *Cook,* 92 Cal. 144.)

*E. S. Heller,* and *George W. Jones,* for Respondents.

The alleged damages are too remote and speculative, and cannot be recovered in this action. (*Heath* v. *Lent,* 1 Cal. 410; *State* v. *Thomas,* 19 Mo. 613; 61 Am. Dec. 580; *Reidhar* v. *Berger,* 8 B. Mon. 160; *Pettit* v. *Owen,* 8 B. Mon. 53; *Donnell* v. *Jones,* 13 Ala. 490; *Floyd* v. *Hamilton,* 33 Ala. 235; *Earl* v. *Spooner,* 3 Denio, 246; Drake on Attachment, secs. 175, 176; 2 Sedgwick on Measure of Damages, 208–212; 1 Wade on Attachment, sec. 301; 2 Sutherland on Damages, 58, 59.) The allegation that the appellant "incurred attorney's fees" was not sufficient, as the fees should have actually been paid. (*Mitchell* v. *Hawley,* 79 Cal. 301; *Willson* v. *McEvoy,* 25 Cal. 169; *Prader* v. *Grimm,* 28 Cal. 11; *Ah Thaie* v. *Quan,* 3 Cal. 217.)

SEARLS, C. — This action was brought in the superior court of the county of Fresno, to recover damages against the respondents, as sureties upon an undertaking in an attachment suit against the plaintiff and appellant here, which attachment suit was dismissed.

The complaint contains two counts. In the first, plaintiff, after the usual averments in reference to the suing out and levy of the attachment upon his land at Fresno, as a predicate for the recovery of damages, alleges as follows, in paragraph 9: —

"That between the twenty-first day of January, 1891,

and the twenty-seventh day of August, 1891, the plaintiff had need of a large sum of money for his immediate use, desired, had an opportunity, and was able to mortgage his said premises for the purpose of raising money for his immediate use and great pressing needs, and had opportunity of selling his said premises, but was not able to mortgage or sell the same, on account of said attachment having been levied and remaining unsatisfied as aforesaid, and creating a cloud upon plaintiff's title to his said premises; that the plaintiff had to sacrifice other property — horses, mules, and stock — on his said premises at greatly reduced and inadequate prices, for the purposes of meeting his immediate necessities and raising money; that by reason of his not being able to mortgage or sell his said premises, and having to sell the horses, mules, and stock on his said premises, the plaintiff has been greatly damaged, to wit, in the sum of four hundred ($400) dollars, the amount of said undertaking."

It is further averred that the attachment was "wrongfully, and unlawfully, and maliciously sued out," and that the plaintiff herein "did not owe any portion of the indebtedness sued on in said action."

The second count of the complaint is based upon plaintiff's supposed right to recover attorney's fees in the attachment suit; and the only portion thereof necessary to the points made is to the effect that plaintiff was put to great expense in defending that action, "and engaged an attorney to represent him therein, and incurred attorney's fees, to wit, the sum of one hundred dollars."

Defendants attorneys demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action; and moved to strike out that portion of the first count, quoted herein, in reference to damages sustained by reason of the lien of the attachment upon the land.

The motion to strike out was granted, and the demurrer to the complaint sustained, with leave for plaintiff

to amend, upon a failure to do which, final judgment for costs was entered against him. The appeal is from such judgment.

The first question presented for determination is as to the propriety of the action of the court below in striking out paragraph 9 of plaintiff's complaint, hereinbefore quoted.

An undertaking given upon the issuing of a writ of attachment, under our statute, is a contract, — a contract to indemnify the defendant for all costs that may be awarded to him, and all damages which he may sustain by reason of the attachment, in the event of his recovering judgment.

An action upon such undertaking being upon contract, the measure of damages "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." (Civ. Code, sec. 3300.)

The liability of the defendants arises under their contract, and is limited by its terms and conditions. (*McDonald* v. *Fett*, 49 Cal. 354.)

By that contract they did not undertake to become liable for the remote and possible consequences which in some contingency might follow, but for the proximate consequences naturally and ordinarily resulting from the effect of the writ.

The impairment of plaintiff's credit, his inability to sell the land levied upon or to contract a loan upon the security of such land, was not a proximate but a remote consequence of the attachment.

The attaching creditor did not deprive plaintiff of the possession or use of his land, did not commit waste thereon, or do or cause any act to be done beyond levying upon the land in the manner prescribed by the statute for the levy of attachments upon real property.

In *Miller* v. *Stewart*, 9 Wheat. 702, it was said: "Nothing can be clearer, both on principle and authority, than the doctrine that the liability of a surety is not to

be extended by implication beyond the terms of his contract." (*State* v. *Thomas*, 19 Mo. 613; 61 Am. Dec. 580.)

The plaintiff, it is true, avers that his property was maliciously attached. If this was true, he could maintain an action on the case against his attaching creditors, in which the injury he complains of here could be redressed, provided always there was no probable cause for issuing the writ. (*Reidhar* v. *Berger*, 8 B. Mon. 160.)

In an action against the sureties on the undertaking, however, the questions of *motive* and *probable cause* cut no figure.

In *Heath* v. *Lent*, 1 Cal. 410, it was held that in an action on a bond given upon suing out an attachment against the property of a debtor who was a merchant, where the sheriff had levied upon no property except real estate, and the debtor had never been disturbed or molested in his possession,—1. That evidence as to the effect of an attachment upon the credit and reputation of merchants ought not to have been admitted, on the ground that damages resulting therefrom were too remote and contingent; 2. That evidence of depreciation of value of the real estate attached was not admissible.

The case of *Ah Thaie* v. *Quan*, 3 Cal. 216, overrules the case of *Heath* v. *Lent*, 1 Cal. 410, to the extent of holding that fees paid to counsel to procure the dissolution of an injunction was a direct loss, consequent upon the wrongful issuing of an injunction, for which a recovery could be had upon the bond.

*Prader* v. *Grim*, 13 Cal. 586, and later cases, are to the same effect.

There is a marked distinction between cases in which personal property is attached and taken into possession by the sheriff, as it must be to constitute a valid lien, and those in which real estate is taken under a like writ, and when we say the damages sought to be recovered in that portion of the complaint stricken out are too remote for recovery on the bond, we must be

understood as applying the remark to cases involving real estate only.

We think there was no error in the order of the court striking out the portion of the complaint in question.

2. As to the order sustaining the demurrer.

The second count of the complaint failed to state a cause of action.

It has been repeatedly held by this court that counsel fees, in a proper case for their recovery, cannot be recovered until they have been actually paid. (*Willson* v. *McEvoy*, 25 Cal. 169; *Prader* v. *Grimm*, 28 Cal. 11.)

The fact of payment, being essential to a recovery, should be averred. We search the complaint in vain for any such allegation. The averment is, that plaintiff "engaged an attorney to represent him therein, and incurred attorney's fees, to wit, the sum of one hundred dollars." This, at most, is but an assertion that he incurred a liability. The damage accrues from the payment, and not from incurring the liability so to do.

The demurrer to the first count of the complaint should have been overruled. Striking out the ninth paragraph, and we still have a consecutive and orderly statement of a set of facts which entitles the plaintiff to recover nominal damages.

For this reason, we recommend that the judgment be reversed, and the court below directed to overrule the demurrer to the first cause of action in plaintiff's complaint, with leave to defendants to answer the same.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, and the court below is directed to overrule the demurrer to the first cause of action in plaintiff's complaint, with leave to defendants to answer the same.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.