[L. A. No. 1061. ˙ Department Two.—December 14, 1901.]

## GAVIN ,WITHERSPOON, Respondent, v. JOHN CROSS et al., Appellants.

ATTACHMENT BOND—LIABILITY OF SURETIES—CARELESSNESS OF SHERIFF
—DEPRECIATION OF PROPERTY ATTACHED.—Where judgment is re-
covered by the defendant in an attachment suit, the sureties on the
attachment bond, though not liable for damages caused by careless-
ness of the sheriff, are liable to the defendant for the amount of
the depreciation in value of the property by reason of the attach-
ment, exclusive of any damage caused by the willful and negligent
acts of the sheriff.

ID.—PERISHABLE PROPERTY—SALE OF OTHER DEPRECIATING PROPERTY—
ORDER OF COURT.—The ''perishable property'' attached that the
sheriff may sell, under section 547 of the Code of Civil Procedure,
without an order of the court, is such only as is subject to speedy
and natural decay; but the sale of other property which would
materially depreciate in value from other causes than decay cannot
be made, except by order of the court, made under section 548 of
that code, after notice to the adverse party, and where it is made to
appear to the court that the interests of the parties would be sub-
served by a sale thereof.

APPEAL from a judgment of the Superior Court of Los.
Angeles County and from an order denying a new trial.
Lucien Shaw, Judge.

The facts are stated in the opinion.

A. P. Thomson, for Appellant. .

W. T. Craig, for Respondent.

HAYNES, C.—This action is upon an undertaking on at-
tachment, to recover damages alleged to have been sustained
by the assignor of plaintiff, by reason of the depreciation in
the market value of certain personal property belonging to said
assignor while said property was held under attachment. The
appellants were the sureties upon said attachment bond.

The action in which said writ of attachment issued was.
brought by A. P. Cross against George W. Laing and others,
to recover the sum of $1,984.10, and under said writ personal
property belonging to said Laing, of the value of two thousand .

dollars, or over, was attached on February 3, 1898, and taken into the possession of the sheriff, and so remained until January 12, 1899, when judgment in said action was rendered in favor of said Laing, whereby the attached property was released.  This action upon the attachment bond was tried by the court without a jury, findings were filed, and judgment for the plaintiff in the sum of five hundred dollars was entered, and defendants appeal from the judgment and an order denying their motion for a new trial.

The court found that the property levied upon and taken into the possession of the sheriff consisted of "one lot of groceries and provisions, 49,640 feet of lumber, 3,000 feet of track iron, one lot of tools, 14 cars, 1,200 feet of water-pipe, nine screens, two camping outfits, two sheds, and two bunk-houses"; that the market value of said property at the time it was seized under the writ was two thousand dollars.  The court further found,—"That at the time said property was so released by the sheriff as aforesaid said property had been so negligently and carelessly kept and handled by said sheriff that a large part of said property was lost, destroyed, spoiled, and damaged, and a part thereof had been willfully consumed by the keepers of said sheriff; that the damage caused to said property by the acts of said sheriff and his keepers aforesaid was the sum of $1,000.00; that the market value of that part of said property that remained and was so released from attachment on said twelfth day of January was, at the time the same was released, the sum of $500; that during the time said property was so held under attachment by said sheriff and by reason of said property being so attached and taken and held in possession of said sheriff, as aforesaid, from February 3, 1898, to January 12, 1899, the value of said property greatly depreciated; that the amount of said depreciation in value, by reason of said attachment, exclusive of the damage to said property caused by the willful and negligent acts of the sheriff as aforesaid, was the sum of $500; that said George W. Laing sustained damages as aforesaid, by reason of said attachment in the sum of $500."

The only question discussed by counsel for appellant is the alleged insufficiency of the evidence to justify the findings.

The bond executed by the defendants is in the usual form. The penalty was in the sum of five hundred dollars.  It is con-

ceded that the defendants here, the sureties upon said bond, are not liable for damages caused by the failure of the sheriff to exercise ordinary care in the preservation of the property, nor is it questioned that portions of it were greatly injured through his neglect, and that other portions were lost or consumed by the keeper in charge. Portions of the goods were injured by careless handling and storing by the sheriff, and also depreciated in value by the great length of time elapsing between the seizure and the discharge of the attachment, which was about eleven months.

I think the evidence quite sufficient to sustain the finding that the amount of the depreciation in value by reason of the attachment, exclusive of the damage to said property caused by the willful and negligent acts of the sheriff, was the sum of five hundred dollars.

Mr. Laing testified that the natural depreciation of that portion of the stock of groceries and provisions which remained at the time of the release was $200 to $250; that about 16,000 feet of lumber remained, which was of the value of $26 per thousand at the time of the attachment, and which he sold, one half at $10, and one half at $15, being a loss of $216; that the two camp outfits were worth at the time of seizure about $200 to $250, and at the time of release were worth not to exceed $40 or $50, making a loss of, say, $150. As to the depreciation of the stock of groceries, Mr. Laing was fully sustained by Mr. Neubauer.

It is contended by appellants, however, that the stock of groceries and provisions, consisting principally of canned goods, coffee, flour, and farinaceous goods, should have been sold by the sheriff as perishable goods.

Section 547 of the Code of Civil Procedure provides, "If any of the property attached be perishable, the sheriff must sell the same in the manner in which such property is sold on execution," etc.; but the code does not define what is "perishable property." Black's Law Dictionary defines "perishable goods," as "goods which decay and lose their value if not speedily put to their intended use." The same author defines "perishable" thus: " 'Perishable' ordinarily means subject to speedy and natural decay. But where the time contemplated is necessarily long, the term may embrace property liable merely to material depreciation in value from other

causes than such decay." But here "the time was not necessarily long." The sheriff sold a few articles, such as fresh beef, as perishable; but he could not anticipate that the attached property would remain in his hands for nearly a year. Had he immediately sold the whole stock as perishable, and the next day or the next week the action had been dismissed, or the attachment otherwise discharged, could it be doubted that the sheriff would be liable for the full value of the goods, and not merely for the proceeds of the sale? In *Webster* v. *Peck*, 31 Conn. 498, the court adopted Webster's definition, "subject to speedy decay," and added: "The great delay, however, between the attachment of property on mesne process and obtaining judgment, which attended litigation previous to the reorganization of our judicial system, and the obvious equity of the law, led to a liberal construction of the statute to advance the remedy, and *orders* for the sale of property not in its nature perishable, but which would materially *depreciate in value* for other causes, have been quite common."

In this state, however, we have more than "the equity of the law" above spoken of. Section 548 of the Code of Civil Procedure expressly provides that when property has been taken under a writ of attachment, and it is made to appear to the court, or a judge thereof, that the interest of the parties will be subserved by a sale thereof, the court or judge may order it to be sold. The order cannot be made except upon notice to the adverse party. It is clear, therefore, that the sheriff has no authority to sell property that is not perishable within the meaning of section 547 of the Code of Civil Procedure, without an order of the court or judge made after notice.

The judgment and order appealed from should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.