[Civ. No. 82.   Second Appellate District.—November 10, 1905.]

## McCARTHY COMPANY, Respondent, v. C. B. BOOTHE et al., Appellants.

ATTACHMENT—ACTION UPON BOND—DEPRECIATION IN VALUE OF OIL STOCK ATTACHED—PURCHASE FOR RESALE—RECOVERY TO LIMIT OF BOND.—In an action upon an attachment bond by a plaintiff who was engaged in the business of buying and selling oil stock for profit, and the wrongful attachment of whose shares resulted in a depreciation in value beyond the limit of the bond, which shares plaintiff could and would have sold at a profit if it had not been for the attachment, the plaintiff is entitled to recover the amount of the bond.

Id.—Attachment of Personal Property—Measure of Damages.—In general, the measure of damages in case of the wrongful attachment of pers.nal property is the difference in value of the attached property when seized and when restored, with the loss of its use meanwhile.

Id.—Rule Applicable to Attachment of Stock—There is more reason for applying such rule respecting the measure of damages in the case of an attachment of stock, whose principal value consists in its selling value, than in the case of personal property generally. Not only is the selling value destroyed by the attachment, but all of the profits and dividends to accrue from it are impounded equally with the stock itself.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. M. T. Allen, Judge.

.The facts are stated in the opinion of the court.

M. L. Graff, and Lawler, Allen & Van Dyke, for Appellants.

Charles Silent, for Respondent.

SMITH, J.—Appeal from a judgment for the plaintiff, and from an order denying the defendants' motion for a new trial.

The suit was brought upon an undertaking for attachment, in the statutory form, in the sum of $2,000, given by the defendants in the suit of one Humphris against the plaintiff herein. The facts shown by the findings are: The attachment was levied June 30, 1900, on five thousand four hundred shares of the Westlake Oil Company and seven thousand and sixty shares of the Wilson Oil Company, the property of the defendant in that case, now plaintiff. Judgment was rendered for the defendant in the attachment case October 7, 1901. It appears also that on March 19, 1901, another attachment was levied upon the same property in a second suit between the same plaintiff and defendant, which is still pending. At the date of the attachment, June 30, 1900, the stock of the Westlake Oil Company was of the market value of forty-eight cents per share and that of the Wilson Oil Company of the value of forty cents per share. But at the date of the second attachment the market value of the former shares had depreciated to twenty cents and that of the latter to thirty cents per share; and that the

market value of both at the date of the judgment, October 7, 1901, had fallen to five cents per share. The aggregate depreciation of the stock at the former date was $2,218 and at the latter $4,793, and it was found that the plaintiff was damaged in the latter amount. Judgment was given for the amount of the undertaking, $2,000. It is also found "that the plaintiff herein was during all of the said time engaged in the business of buying and selling shares of oil companies for profit; that it had bought said shares for resale and could have and would have sold the same, if it could have obtained possession and made delivery and transfer thereof." Some objection is made to this finding, but it seems to be fully supported by the evidence.

It is claimed by the respondent, and apparently admitted by the appellant, that in the case of attachment of personal property generally the measure of damages is the difference in value of the attached property when seized and when restored, with the loss of its use meanwhile. (Waples on Attachment, sec. 682; Wade on Attachment, sec. 302; *Coulson v. Panhandle Nat. Bank*, 54 Fed. 859, [4 C. C. A. 616]; *Frankel v. Stern*, 44 Cal. 173; *Elder v. Kutner*, 97 Cal. 494, 495, [32 Pac. 563]; *Witherspoon v. Cross*, 135 Cal. 96, [67 Pac. 18].) But it is claimed by the appellant that the rule is different in the case of an attachment of real property (*Heath v. Lent*, 1 Cal. 410; *Elder v. Kutner*, 97 Cal. 490, [32 Pac. 563]), and that the case of an attachment of stock comes under the reason of the latter rule. But, assuming the rules as to personal and as to real property generally to be as above stated, we do not think this contention can be sustained but rather, we think that there is more reason for the application of the former rule to the case of an attachment of stock than in the case of personal property generally. For stock generally, more than other species of personal property, is bought for sale, and its principal value in general consists in its selling value; and not only is this destroyed by the attachment, but all the profits and dividends to accrue from it are impounded equally with the stock itself. (Code Civ. Proc., sec. 698.)

But in this case there is another feature which we regard as material, which is that it is found that the stock in question was bought for resale, and that the plaintiff "could

have sold the same if it could have obtained possession and made delivery and transfer thereof.'' And the loss thus incurred, we think, comes clearly within the obligation of the defendants to pay ''all damages which [plaintiff] may sustain by reason of the attachment,'' etc., and within the provisions of section 3300 of the Civil Code as to the measure of damages for breach of contract. We do not deem it necessary to discuss the cases cited by the appellant from other states, which do not seem to have involved this particular feature of the case before us. But our position seems to be supported by the decision in *Girard* v. *Moore,* 86 Tex. 675, [26 S. W. 945], cited by the appellant in support of his contention that the rules as to stock and as to real estate are the same. For it is there, in effect, held as to both species of property that the ''loss resulting from [plaintiff's] being deprived of an opportunity to make an advantageous disposition of the estate,'' may be recovered as special damages, when pleaded as it is here.

Another point made by the appellant is, in effect, that the plaintiff might have avoided the damages by giving the statutory bond under the provisions of the Code of Civil Procedure. But we do not think this position requires discussion.

The judgment and order appealed from are affirmed.

Gray, P. J., and Allen, J., concurred.