## JAVA COCOANUT OIL CO., Limited, v. FIDELITY & DEPOSIT CO. OF MARYLAND.

## SAME v. GLOBE INDEMNITY CO.

(Circuit Court of Appeals, Ninth Circuit. June 30, 1924.)

Nos. 4125, 4126.

Attachment ⬤⇒351—Attorney's fees for defense of principal action not recoverable on attachment bond.

Where an attachment is regular on its face and can only be discharged by defeating the principal action by a trial on the merits, attorney's fees paid out for defending the principal action are not recoverable as damages in a suit on the attachment bond.

In Error to the District Court of the United States for the Second Division of the Northern District of California; George M. Bourquin, Judge.

Separate actions at law by the Java Cocoanut Oil Company, Limited, against the Fidelity & Deposit Company of Maryland, and against the Globe Indemnity Company. From the judgments, plaintiff brings error. Affirmed.

Pillsbury, Madison & Sutro, of San Francisco, Cal. (Alfred Sutro and Eugene M. Prince, both of San Francisco, Cal., of counsel), for plaintiff in error.

Hartley F. Peart and Redman & Alexander, all of San Francisco, Cal., for defendants in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. These two cases were tried together in the court below and present the same questions for consideration here. It is therefore deemed sufficient to refer briefly to one of the cases, and in that connection we will refer to the parties as designated in the court below.

One Porter commenced an action against the plaintiff herein, as defendant, to recover damages for breaches of certain written contracts. Later the plaintiff in that action sued out a writ of attachment, and in consideration of the issuance of the writ the defendant herein executed an undertaking, conditioned for the payment of all costs that might be awarded to the defendant there, the plaintiff herein, and all damages which it might sustain by reason of the attachment, should the same be discharged on the ground that the plaintiff in the action was not entitled thereto. The action in which the attachment issued was consolidated for trial with other similar actions between the same parties. The defendant in the consolidated action, the plaintiff here, filed cross-

complaints, claiming damages for breaches of the same written con‑ tracts. Upon the trial of the consolidated action the defendant there, the plaintiff here, recovered judgment on its cross-complaints for ap‑ proximately $500,000. The present action was thereafter instituted upon the attachment bond. The complaint contains two causes of action —the first for the recovery of the costs awarded to the plaintiff herein in the consolidated action, and the second for the recovery of attor‑ ney's fees paid out for defending the attachment suit. The court be‑ low awarded judgment in favor of the plaintiff for the costs, but denied the claim for attorney's fees. The plaintiff has sued out a writ of error, which brings before this court the latter claim only.

The principal question for decision may be thus stated: Where an attachment is regular upon its face, and can only be discharged by de‑ feating the principal action by a trial upon the merits, are attorney's fees paid out for defending the principal action recoverable as damages in a suit on the attachment bond? The question thus presented is one of local law. Fidelity Co. v. Bucki Co., 189 U. S. 135, 23 Sup. Ct. 582, 47 L. Ed. 744. But it seems to be conceded that there is no controlling decision by the Supreme Court of the state. In Heath v. Lent, 1 Cal. 410, it was held that counsel fees paid out by the attachment debtor in defense of the suit commenced by the writ of attachment, over and above taxable costs, were not recoverable in an action upon the attach‑ ment bond. This case was expressly overruled in Thaie v. Quan, 3 Cal. 216. In Elder v. Kutner, 97 Cal. 490, 32 Pac. 563, it was held that a complaint on an attachment bond for the recovery of attorney's fees stated no cause of action, in the absence of an allegation that the fees were in fact paid.

The cases in which this question has arisen in other jurisdictions may be divided into three classes: First, where the fees claimed were for services rendered in connection with the attachment alone, not for defending the principal action on the merits; second, where the court acquired jurisdiction by attachment without personal service of process, and the attachment could only be discharged by defeating the principal action on the merits; and, third, where jurisdiction was acquired by personal service of process, and where the attachment could only be discharged by defeating the principal action on the merits.

The right to recover attorney's fees in cases of the third class is upheld in Alabama, Georgia, Indiana, Kansas, Missouri, and New Mex‑ ico. Street v. Browning, 205 Ala. 110, 87 South. 527, Oakes v. Smith, 121 Ga. 317, 48 S. E. 942, Wilson v. Root, 43 Ind. 486, Parish v. Van Arsdale-Osborne Brokerage Co., 92 Kan. 286, 140 Pac. 835, Ann. Cas. 1916B. 981. State v. Thomas, 19 Mo. 613, 61 Am. Dec. 580, Territory v. Rindscopf, 5 N. M. 93, 20 Pac. 180. Jones v. Doles, 3 La. Ann. 588, and Bonner v. Copley, 15 La. Ann. 504, are cited to the same effect; but Accessory Transit Co. v. McCerren, 13 La. Ann. 214, J. J. McDaniel & Co. v. L. H. Gardner & Co., 34 La. Ann. 341, and Cretin v. Levy, 37 La. Ann. 182, are to the contrary. The decisions in Iowa and New York seem to be conflicting. Sadler v. Bean, 38 Iowa, 684; Ames v. Chirurg, 152 Iowa, 278, 132 N. W. 427, 38 L. R. A. (N. S.) 120; Crom v. Hen‑ derson, 188 Iowa, 227, 175 N. W. 983; Northampton Nat. Bank v.

'Wylie, 52 Hun, 146, 4 N. Y. Supp. 907; Tyng v. American Surety Co., 48 App. Div. 240, 62 N. Y. Supp. 843; Cook v. National Surety Co., 169 App. Div. 656, 155 N. Y. Supp. 493; Balinsky v. Cross, 72 Misc. Rep. 7, 128 N. Y. Supp. 1062. In Moseley v. Fidelity & Deposit Co. of Maryland, 33 Idaho, 37, 189 Pac. 862, 25 A. L. R. 564, the Supreme Court of Idaho sustained the right of recovery where there was no service of process, and where jurisdiction was acquired by the attachment. The right of recovery is denied in Arkansas, Florida, Illinois, Kentucky, Minnesota, Ohio, Tennessee, Texas, and Utah. Patton v. Garrett, 37 Ark. 605; Gonzales v. De Funiak Havana Tobacco Co., 41 Fla. 471, 26 South. 1012; Damron v. Sweetser, Caldwell & Co., 16 Ill. App. 339; McClure v. Renaker, 51 S. W. 317; Frost v. Jordan, 37 Minn. 544, 36 N. W. 713; Alexander v. Jacoby, 23 Ohio St 358; Stringfield v. Hirsch, 94 Tenn. 425, 29 S. W. 609, 45 Am. St. Rep. 733; Hughes v. Brooks, 36 Tex. 379; St. Joseph Stockyards Co. v. Love, 57 Utah, 450, 195 Pac. 305, 25 A. L. R. 569. The last case contains a full review of the authorities. To the same effect, see 2 Sedgwick on Damages (9th Ed.) 682a; 4 Cyc. 878; 2 R. C. L. p. 909; 6 C. J. 544.

The weight of authority would seem to sustain the ruling of the court below. But, aside from this, in the absence of some controlling decision from the highest court of the state, we must adopt a rule of our own in the light of the general law on the subject, and in so doing we would not feel justified in adopting a rule at entire variance with the decisions of the Supreme Court of the United States. In that court, at least, the rule is well settled. In Fidelity Co.' v. Bucki Co., supra, the court upheld a judgment for attorney's fees incurred in relation to an attachment, or in procuring its dissolution, solely because the decisions of the Supreme Court of Florida authorized the recovery. But in Tullock v. Mulvane, 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657, where the court was not controlled by the decisions of the state court, it was held that attorney's fees were not recoverable in an action on an injunction bond, even though a different rule obtained in the courts of the state. The reason for the rule was thus stated in Oelrichs v. Spain, 15 Wall. 211, 231 (21 L. Ed. 43):

"In debt, covenant, and assumpsit damages are recovered, but counsel fees are never included. So in equity cases, where there is no injunction bond, only the taxable costs are allowed to the complainants. The same rule is applied to the defendant, however unjust the litigation on the other side, and however large the expensa litis to which he may have been subjected. The parties in this respect are upon a footing of equality. There is no fixed standard by which the honorarium can be measured. Some counsel demand much more than others. Some clients are willing to pay more than others. More counsel may be employed than are necessary. When both client and counsel know that the fees are to be paid by the other party there is danger of abuse. A reference to a master, or an issue to a jury, might be necessary to ascertain the proper amount, and this grafted litigation might possibly be more animated and protracted than that in the original cause. It would be an office of some delicacy on the part of the court to scale down the charges, as might sometimes be necessary. We think the principal of disallowance rests on a solid foundation, and that the opposite rule is forbidden by the analogies of the law and sound public policy."

The rule there stated applies to actions on attachment bonds as well as to actions on injunction bonds. Indeed, there would seem to be no

difference between the two, for in either case the bond is conditioned for the payment of damages resulting from misuse or abuse of the process of the court.  Cook v. National Surety Co., supra; Frost v. Jordan, supra; Stringfield v. Hirsch, supra.

The judgment of the court below is affirmed.