### SIMPSON et al. v. UNITED STATES FIDELITY & GUARANTY CO.

(District Court, S. D. California, S. D. September 24, 1926.)

No. 1847.

1. **Attachment** ⇐⇒351.

Damages recoverable on bond for detention of money wrongfully attached is interest at the legal rate for time of detention.

2. **Attachment** ⇐⇒351.

Under the federal rule, attorney's fees paid are not recoverable as damages in an action on an attachment bond.

At Law. Action by John Simpson and others against the United States Fidelity & Guaranty Company. Judgment for plaintiffs.

Kemp, Partridge & Kemp, of Los Angeles, Cal., for plaintiffs.

Lawler & Degnan, of Los Angeles, Cal., for defendant.

JAMES, District Judge. This action was brought to recover damages from the defendant as surety on an attachment undertaking given in another action heretofore brought in this court. Plaintiffs here (defendants in the attachment suit) moved to dissolve the attachment under which a levy had been made, on the ground that plaintiff was not entitled thereto. The motion was granted.

The time included between the levying of the attachment and the dissolving thereof under the court's order was two days. The property attached consisted of money, amounting to the sum of $7,988.56.

[1] Without reviewing the facts as the evidence shows them to be, my conclusion is that the money attached was released from the control of the plaintiff in the attachment suit immediately upon the making of the order dissolving the attachment, and that no diminution of the amount was caused by reason of the levy. Damages for the detention of the money attached would be the value of its use, or interest at the legal rate of 7 per cent. for a period of two days. There is to be added, also, the amount of $10, court costs paid by these plaintiffs on account of their action to dissolve the attachment.

[2] There is a further item of damage which the plaintiffs claim the right to recover against the surety on the attachment bond, and that is the sum of $500 which it was shown plaintiffs paid to their counsel as attorney's fee for prosecuting the motion made for the order dissolving the attachment. There is no contention made against the reasonableness of the fee, but the defendant presents the argument that in the federal courts attorney's fees are not items of damage for which a surety on an attachment bond becomes liable. Under the decisions of the United States Supreme Court and the Circuit Court of Appeals in this circuit, that contention must be sustained. In Fidelity Co. v. Bucki Co., 189 U. S. 135, 23 S. Ct. 582, 47 L. Ed. 744, the court held that, where liability for counsel fees on an attachment bond had been held recoverable by the highest court of Florida, such liability would be enforced in the federal court to which the action had been removed; the court saying that:

"This action was commenced in a circuit court of the state, and if it had proceeded there to judgment unquestionably a liability for counsel fees would have been sustained, and it cannot be that by removing the case to the federal court such liability has been taken away."

The court there referred with approval to its decision rendered in Tullock v. Mulvane, 184 U. S. 497, 22 S. Ct. 372, 46 L. Ed. 657, where it was held that a bond given as a condition to the issuing of an injunc-

tion in a case brought in the federal court included no right to recover attorney's fees, even though the action on the bond was brought in a state court where such recovery by the rule of the state decisions was allowed.

In the case of Java Cocoanut Oil Co. v. Fidelity & Deposit Co. of Maryland, decided by the Circuit Court of Appeals for the Ninth Circuit, on June 30, 1924, 300 F. 302, 39 A. L. R. 523, it was directly held that counsel fees could not be recovered in an action on an attachment bond executed in California. The court there declares that the federal rule preventing any such recovery applies in the absence of "some controlling decision from the highest court of the state." At the same time the court cited the case of Elder v. Kutner, 97 Cal. 490, 32 P. 563, evidently considering that the decision furnished no basis for the conclusion that the California court approved the right to recover attorney's fees against the surety on the attachment bond. Nevertheless it should be noted that the pertinent question determined in that case was only that the allegations of the complaint were insufficient to authorize the recovery of such fees. The reasonable implication would be that, had the lacking allegations appeared, the court would have sustained the recovery of counsel fees.

While it is immaterial to the question as the facts here govern it, it may be fairly said that the federal decisions leave the matter in some doubt as to whether it is established that the law of the forum in which the action is prosecuted on the surety bond, or the law of the forum wherein the attachment bond is filed, determines the extent of the liability. That question may be left in its uncertainty, for here the forum was the same, and the jurisdiction in both cases federal.

Under the conclusions announced, it follows that judgment should be for the plaintiffs only to the extent of allowing interest for two days at the rate of 7 per cent. on $7,988.56, and for the sum of $10, costs paid in connection with the motion to dissolve the attachment. By reason of the provisions of section 968, Rev. Stats. (Comp. St. § 1609), the recovery being less than the sum of $300, the plaintiffs are not entitled to costs herein, and it is ordered that the parties bear their own costs. The clerk will enter judgment accordingly. An exception is allowed to the plaintiffs and to the defendant.