No. 2358

Second Circuit

---

SHREVEPORT NATATORIUM & AMUSEMENT COMPANY, INC., v. WATERMAN

---

(Feb. 3, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Landlord and Tenant—Par. 12, 13, 44.**

A stipulation in a lease contract providing that lease becomes void on non-payment of rent when due can be waived by the parties making a subsequent agreement on due date of rent installment.

2. **Louisiana Digest—Landlord and Tenant—Par. 91, 92; Pleading—Par. 125, 126.**

Where evidence, unobjected to, establishes that an agreement of lease was set aside by substituting a verbal agreement in its stead for several years beyond the expiration date of the written lease, the fact that the plaintiff did not allege the full term or period of the lease cannot affect his right to recover rentals due.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by Shreveport Natatorium & Amusement Company, Inc., against A. C. Waterman.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Wilkinson, Lewis & Wilkinson, Shreveport, attorneys for plaintiff, appellee.

Dickson & Denny, Shreveport, attorneys for defendant, appellant.

WEBB, J. This action was instituted by plaintiff to recover judgment against defendant in the sum of fourteen hundred thirty-seven and 50/100 dollars, with interest from September 10th, 1924, alleged to be the balance due under a verbal contract under which plaintiff leased to defendant certain property for the year 1924 at the price of fifty-seven hundred fifty dollars, payable in four installment of fourteen hundred thirty-seven and 50/100 dollars each, on the 10th of June, July, August and September, 1924.

Plaintiff, under appropriate allegations, prayed for and obtained the issuance of a writ of provisional seizure under which certain movable property was seized, and it prayed for judgment in the sum claimed, with interest, and for recognition of a lessor's privilege on the property seized.

Defendant filed a motion to dissolve the writ of provisional seizure, which does not appear to have been passed upon, and then filed an answer in which he denied the allegations of plaintiff's petition and alleged that he had acquired by purchase at bankrupt sale a written lease covering the property, which lease was still in force and effect as appeared by copy of same, as well as the proces verbal of the sale, attached to the answer, and prayed that plaintiff's demands be rejected, and, in the alternative, he alleged that there had been some negotiations for another lease on the property and that he was allowed to take possession of the property pending consummation of the negotiations to convert it to a written lease, and further in the alternative, defendant alleged that should it be held that there was a verbal lease as alleged by plaintiff for the year 1924, the understanding of the parties was that such lease was to be reduced to writing and to continue for a period of years including and beyond 1924, and that in view of the agreement plaintiff had purchased supplies, etc., and that he would have made a large profit on the lease, for which amount, together with the sum expended for supplies, he prayed for judgment against plaintiff, reserving his right to claim damages sustained by the seizure.

The defendant appeals from a judgment in favor of the plaintiff for the amount sued for, with interest, and recognition of a privilege on the property seized.

The defenses set up in the answer are rather involved, and it appears that in the trial court defendant took the position that there was not any lease and hence plaintiff could not claim a privilege or recover judgment, and also contended that there was a written lease, and plaintiff having

alleged upon a verbal lease he could not recover, and, further, that the written lease became ipso facto null and void on the failure of defendant to pay any one of the installments of the price agreed upon for the lease, and that plaintiff could not sue upon the contract which had ceased to exist.

While from the answer it appears that defendant waived his main defense by claiming judgment in reconvention against plaintiff under the second alternative defense, the demand for damages for the breach of a contract necessarily being an affirmation that the contract was made (Accessory Transit Co. vs. McCerren, 13 La. Ann. 214), however, there was not any objections made to the introduction of the evidence, which, in some manner, tended to support all of the defenses, and the cause may be said to have been tried without regard to the pleadings, and the only difference of the parties as to the facts established is that the plaintiff contends that the evidence shows that the written lease had been abrogated by a subsequent verbal lease, while defendant contends that the written lease had not been abrogated but had been modified by a subsequent verbal agreement of the parties as to the amount of the rentals and the periods of payment, and defendant contends that the judgment should be reversed on the following grounds:

First:   That, defendant holding under a written contract which had been modified as to the amount and period of payments (which amount and period of payments, as modified, is the same as alleged by plaintiff,) plaintiff having alleged on a verbal contract cannot recover.

Second:   That the written contract, under which the property was leased for a term of years, including the year 1924,

at an annual rental of seven thousand dollars, payable in four installments of seventeen hundred fifty dollars each, maturing on the first day of June, July, August and September, contained a provision that, the "failure to pay any installment when due will render this lease null and void without the necessity of any demand or putting in default, and all improvements placed upon the said property by the party of the second part (lessee) shall ipso facto become the property of the party of the first part" (lessor), and it is therefore contended that the modification of the written lease having provided only for the reduction of the annual rental and period for the payment of the same, that the lease became null and void on failure of the lessee to pay the installment due on September 10th as modified by the verbal agreement of the parties, and that the lessor could not demand the payment of such installment but could claim such improvements as the lessee may have placed upon the property.

While we are of the opinion that a contract which, as to the consideration, must be established by parol evidence, cannot be said to be a written contract, but, if so, we do not know of any law which would prohibit judgment from being rendered in favor of one who claims a right to recover under a verbal contract, when the evidence establishes that the contract was in writing, and continuing to assume that the contract under which defendant held the property was a written contract modified by the verbal agreement of the parties, we do not think that the provisions of the contract relative to the contract becoming null and void on the failure to pay any one of the installments of the rent, was such a stipulation as could not be waived by the parties, and the record establishing that on September 15th, 1924, plaintiff demanded payment of the

installment due and that defendant did not claim the benefit of the provision but agreed to pay provided plaintiff would put in writing an agreement claimed to have been made as a substitute for the written contract, we think that the defendant must be held to have waived the benefit of the provision to claim that the contract ceased to exist on his failure to pay the installment of rent falling due on September 10th whether or not the evidence established there was any subsequent agreement to substitute another contract, and the court was relieved of construing the stipulation insofar as it may have been intended to permit the lessee of the property by the year to escape liability surrendering the property to the lessor, and thus according to defendant's contention that there was a modification of the written contract as to the amount of the annual rentals and periods of payment, we are of the opinion that the judgment appealed from would be correct.

However, while the evidence is somewhat vague and indefinite, we find that it establishes that the written agreement was set aside by substituting a verbal agreement in its stead, under which defendant was obligated to pay the rentals as alleged by plaintiff, and while it indicates that the period of the lease was for several years beyond the year 1924, we do not think, conceding the right of the defendant to have continued in possession of the property under such lease beyond the year 1924, the mere fact that plaintiff did not allege the full terms of the lease or the full period during which it was to continue, could affect its right to recover the the rentals due.

The judgment appealed from is therefore affirmed.