[Civ. No. 4979.   Fourth Dist.   Mar. 27, 1956.]

W. D. HENKEL, Respondent, v. PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Appellant.

Ray W. Hays and James N. Hays for Appellant.

Lopez & Hyde for Respondent.

MUSSELL, J.—This is an action for damages on a contract of insurance. Plaintiff was engaged in a general contracting and engineering business and on April 7, 1951, the defendant issued to him a workmen's compensation and employer's liability policy wherein defendant agreed (as far as is material here) as follows:

"I.   (t)o INSURE the liability of this Employer to employees

of this Employer and, in the event of their death, to their dependents, to pay, and the Company will promptly pay to any person entitled thereto, the compensation, including medical benefits, if any, for which this Employer is liable on account of such injuries, including occupational diseases, under the Workmen's Compensation Laws of the State of California (excepting, however, liability for payment of additional compensation recoverable by reason of the serious and wilful misconduct of this Employer, insurance against which is prohibited by law).

"II. (t)o INDEMNIFY this Employer against loss by reason of liability as an Employer for damages (other than liability under any workman's compensation law) imposed upon this Employer by the law of any state of the United States or province of the Dominion of Canada on account of such injury or death of such employees.

"III. (t)o DEFEND in the name and on behalf of this Employer suits or claims against this Employer with respect to such injuries, for such damages or for such compensation benefits, which may be instituted against this Employer by or on behalf of such employees or their dependents, and to pay all costs of such defense."

On September 14, 1951, plaintiff entered into a contract with the Corps of Engineers, United States Army, to dredge the channel of the Truckee River in Reno, Nevada. On October 11, 1951, one Bernie Esker Garrett, a truck driver, who was hired by plaintiff in Nevada to work on the project, was injured during the course of his employment. Defendant Pacific Employers Insurance Company was notified by plaintiff of the injury to Garrett and disclaimed any liability under their insurance contract with plaintiff. On October 27, 1951, Garrett filed suit in Nevada against plaintiff and his firm to recover for his injuries and obtained an attachment under which plaintiff's equipment was impounded until a release bond could be secured. On January 30, 1952, plaintiff filed an action against defendant in Fresno County, California, for declaratory relief and damages. The complaint in this action, Number 85822, contained six counts. Count one stated a cause of action for declaratory relief and counts two, three, four and five realleged the allegations of count one and alleged damages for attorneys' fees, loss of use of machinery caused by the attachment and damage to plaintiff's business. The demurrer to these counts was sustained without leave to

amend. However, the allegation of damages in counts two, three, four and five were realleged in count six of the complaint and the demurrer was overruled as to that count.

Trial was had by the court without a jury and a judgment was rendered on January 13, 1953, decreeing that the defendant Pacific Employers Insurance Company was obligated and bound under the terms of the policy of insurance to defend on behalf of Henkel the suit which had been filed in Nevada by Garrett. Defendant was ordered to pay all costs of defending said suit and it was further ordered that the defendant was obligated and bound to indemnify Henkel against loss, if any, because of damages that plaintiff might be required to pay because of the purported injuries suffered by Garrett on October 11, 1951.

On August 4, 1953, Henkel filed the present action, after the judgment in the former action, Number 85822, had become final and in his complaint for damages alleged the execution of the insurance contract, the execution of the Nevada contract, the hiring of Garrett and the statement that he was injured in the course of his employment, the filing of an action by Garrett in Nevada, the notification of defendant of said action and demand that defendant appear in and defend said suit, its refusal and the employment of counsel by plaintiff to appear therein. It was further alleged that by reason of defendant's refusal to defend said action, plaintiff suffered damages by reason of an attachment levied on his machinery and equipment and incurred attorneys' fees and other expenses by reason of said refusal. Defendant filed a cross-complaint for $3,500 which it paid to Garrett on April 14, 1953, and for $267.99 paid to investigators on August 14, 1952. A jury trial was had in the instant action, which resulted in a verdict in favor of plaintiff Henkel in the sum of $7,630.19. Judgment was thereupon entered in favor of plaintiff for said amounts and costs and defendant appeals therefrom.

■ It is first contended that the prior judgment in action Number 85822 is res judicata. This argument apparently is based on the premise that the order sustaining the demurrers as to counts two, three, four and five of the first action filed by plaintiff was, in effect, a judgment on the issue of damages. However, since the demurrer to the sixth cause of action therein was overruled and the same damages were alleged therein as in counts two, three, four and five, it cannot be said that there was a judgment on the issue of damages occasioned

by the sustaining of the demurrer as to said counts. No findings of fact were made by the trial court on the issue of damages and there was no mention thereof in the judgment. There is no record before us of the testimony taken in said action and no evidence of the date of the termination of proceedings in the Nevada action, and there is evidence that defendant paid Garrett $3,500 on April 14, 1953, and that on September 9, 1954, plaintiff's attorneys were billed for counsel fees by a firm of attorneys in Nevada, which fees were in addition to a $500 retainer paid by plaintiff's counsel. This evidence indicates that the issue of damages was not determined in said action because the amount thereof was not then ascertainable.

Section 1062 of the Code of Civil Procedure, in the chapter pertaining to declaratory relief, provides as follows:

"*Cumulative remedy*. The remedies provided by this chapter are cumulative, and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party to such action, and no judgment under this chapter shall preclude any party from obtaining additional relief based upon the same facts."

As is said in *California Physicians' Service* v. *Garrison*, 28 Cal.2d 790, 801 [172 P.2d 4]:

". . . (s)ection 1062 of the Code of Civil Procedure expressly provides that the remedy through declaratory relief is cumulative and not restrictive of any other remedy provided by law."

In action Number 85822 the judgment for declaratory relief fixed the obligations of the defendant under the terms of the insurance policy and made no determination of the issue of damages. We conclude that under the circumstances shown by the record, plaintiff was not precluded from a later determination of the issue of damages in the instant case.

Appellant's next claim is that the evidence is insufficient to sustain the verdict and in support of this contention it is argued that appellant performed all that it was required to do under the former judgment by settling the Nevada action; that its agreement and the judgment did not bind it to provide an attachment release bond or to pay plaintiff for any loss he might have sustained because a writ of attachment was levied upon his equipment. These contentions are without merit.

Section 3300 of the Civil Code provides as follows:

"*Measure*. For the breach of an obligation arising from

contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.''

The evidence is sufficient to support a finding that appellant's failure and refusal to accept its liability under its insurance contract at the time demand was made upon it was the proximate cause of the insured employee's filing suit in Nevada, the attachment of plaintiff's equipment and the payment of costs and other expenses by plaintiff. Appellant agreed in its insurance contract not only to indemnify plaintiff against loss by reason of his liability as an employer, but also to defend all suits or claims against him as such employer. The evidence supports an inference that had appellant paid the claim of Garrett when demand was made therefor, the suit in Nevada would not have been filed or the attachment issued.

In *Venturi* v. *Zurich General Acc. & Liab. Co.*, 14 Cal. App.2d 89 [57 P.2d 1002], an action for breach of a contract of liability insurance, plaintiff was the owner of an automobile upon which he placed an insurance policy under which defendant contracted ''to indemnify the assured against loss from liability imposed by law upon the assured for damages.'' Judgments were obtained against plaintiff for damages resulting from a collision with plaintiff's automobile. The insurance company defended these actions but refused to pay the judgments, to appeal, or to furnish *supersedeas* bonds, and the judgment creditors levied upon plaintiff's business, forcing him into bankruptcy. Plaintiff claimed damages for loss of his business through forced sale and the court held that the cause of action rested upon section 3300 of the Civil Code. The judgment for defendant was reversed. In the instant case the same reasoning applies and the measure of damages is that stated in section 3300 of said code.

It is next argued that excessive damages were awarded. This contention is likewise without merit. In *Atlas Dev. Co.* v. *National Surety Co.*, 190 Cal. 329, 332 [212 P. 196], the court, in discussing the measure of damages sustained by reason of an attachment, said:

''The complaint alleges as damages arising from the attachment suit that plaintiff was deprived of the use and possession of said rig and outfit for a period of seventy-eight

days and that the reasonable usable value of the same was fifty dollars per day during said period. Other claims by way of special damages were alleged, but these were subsequently waived, and the directed verdict for one thousand dollars, the full penalty of the attachment undertaking, was based solely upon the value of the use of the property while detained under the writ.

"We are of the opinion that this point was correctly decided. There is no ground to question that a proper and recognized measure of damages for the wrongful taking or detention of personal property is the reasonable value of the use of the property during the period of detention. (*Hurd* v. *Barnhart,* 53 Cal. 97; *McGill* v. *W. P. Fuller & Co.,* 45 Wash. 615 [88 P. 1038]; *McCarthy Co.* v. *Boothe,* 2 Cal.App. 170 [83 P. 175]; 6 Cor.Jur. 539; Sutherland on Damages, 4th ed., §§ 512, 513.)"

There is substantial evidence in the record that plaintiff was required to pay interest on the attachment bond in the sum of $1,050, attorneys' fees and court costs in the Nevada suit, $706.19, $200 for reasonable rental value of a dragline for two days, $400 for the rental of five dump trucks, $2,700 rental for one bulldozer for two months, and $2,856 rental for a low bed transport for 42 days. These items total $7,912.19, a sum greater than the amount awarded by the jury.

■ Finally, it is argued that the court erred in directing a verdict against cross-complainant and in refusing and giving certain instructions. The record shows that appellant paid Garrett $3,500 on his claim and that it incurred $267.99 in investigation expenses. Appellant sought reimbursement for these amounts in its cross-complaint. However, the prior final judgment in said action Number 85822 provided that appellant was obligated to indemnify Henkel against loss for damages he might be required to pay for Garrett's injuries and the sums paid by appellant pursuant to said judgment were not recoverable in the instant action.

■ Appellant's contention relative to the instructions is that the court refused to give defendant's instruction relating to the interpretation of contracts and the applicable provisions of the Nevada Industrial Insurance Act. The judgment in the prior action, Number 85822, fixed and determined appellant's rights under the contract of insurance and since no appeal was taken from that judgment, it is binding on

appellant, and the refusal to give the offered instructions was not error.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 18, 1956, and appellant's petition for a hearing by the Supreme Court was denied May 23, 1956.