Willson *v.* McEvoy *et al.*

---

# ALLEN T. WILLSON *v.* WILLIAM McEVOY AND JOHN F. CONLIN.

POWER OF COURT TO SET ASIDE AN ORDER.—The Court has no power to set aside an order denying a new trial, after the adjournment of the term at which it was made.

LIABILITY ON INJUNCTION BOND.—In an action on an injunction bond, the fees of an attorney employed to resist the injunction cannot be recovered as damages unless they have been paid. The fact that the plaintiff is subject to a liability to his attorney, without showing actual payment to him, is insufficient.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The Court below found as facts that on the 31st day of January, 1857, an order was made in the case of *Knowles et al.* v. *Inches and Calderwood*, that a preliminary injunction issue upon plantiffs' filing an undertaking in the sum of one thousand dollars. That the undertaking was filed on the fifth

22

day of February following, and the writ of injunction issued, which was served on defendant Inches on the 11th day of February following. That on the first day of August, 1857, the bill was dismissed and the injunction dissolved. That an answer was put in and the cause tried by an attorney and counsellor at law, acting on behalf of defendant Inches, and that for his services seven hundred dollars would be a fair compensation.

The other facts are stated in the opinion of the Court.

*Allen T. Willson,* in person, for Appellant.

*W. W. Stow,* for Respondent McEvoy.

*Stanley & Hayes,* for Respondent Conlin.

By the Court, RHODES, J.

This suit was brought on an injunction bond, executed by the present defendants, to Inches and Calderwood, the defendants in the case of *Knowles* v. *Inches and Calderwood.* It is described in the complaint as a "certain undertaking, whereby they undertook and promised that they would pay all damages, not exceeding the sum of one thousand dollars, that the said Inches and Calderwood should sustain by reason of said injunction, if the Court should finally decide that the said plaintiffs in that suit were not entitled thereto." Inches assigned the bond to the present plaintiff. The Court found for the defendants, and judgment for costs was entered upon the finding on the 27th of March, 1860. The plaintiff moved for a new trial and filed his statement, and on the 18th day of August, 1860, the motion was "regularly called up for argument in its order upon the calendar, on motion of defendant's counsel, no person appearing to object thereto," as appears from the minutes of the Court, and was then denied. The Court then adjourned for the term.

The plaintiff, on the 10th day of September, 1860, served the defendants with notice of a motion to set aside the order

denying the motion for a new trial, and on the 22d day of September the Court set aside the order denying the motion and the defendants excepted to the decision of the Court; and thereupon the Court again denied the plaintiff's motion for a new trial. The plaintiff filed and served his notice of appeal from the judgment and from the order of the 22d of September, denying his motion for a new trial.

The defendants now insist, that the order made on the 22d day of September, setting aside the order made at the previous term on the 18th day of August, was void. The point is well taken. We so held in *Castro* v. *Richardson*, 25 Cal. 49, in affirmance of the repeated decisions of the late Supreme Court, and we are satisfied that our opinion in that case is correct on principle and authority. This disposes of the appeal from the order denying the motion for a new trial, and the statement falls with the motion.

The plaintiff contends that he is entitled to judgment on the findings. The only breach of the bond assigned by the plaintiff is that "the said Inches sustained damages to the amount of one thousand dollars, by reason of said injunction, by being compelled to retain and employ attorneys and counsellors at law, and to pay them large compensation, to wit: to the amount of one thousand dollars to prevent said injunction from being made perpetual and to procure its dissolution."

The Court found for the plaintiff all the facts set forth in his complaint, except that in relation to the payment by Inches of compensation to his attorneys and counsellors. Upon that issue the Court found "that there was no evidence of any money having been paid by said Inches, or his having given any valuable or other consideration to any person for or on account of the services rendered in said action."

The plaintiff contends that the bond is an agreement to indemnify against a liability as well as against an actual loss; and the defendants insist that it is an indemnity against the damages sustained—the actual loss alone; and that, as Inches did not pay attorneys' fees, he has not sustained any damage by reason of said injunction.

The rule at common law was, that on a bond to indemnify against the damage the obligee might sustain, he could recover only upon evidence that he had sustained actual damage; that compensation would be awarded only for actual loss. Evidence showing that he was subject to a liability, without showing payment, was not enough. (*Churchill* v. *Hunt*, 3 Denio, 321; *Jackson* v. *Port*, 17 Johns. 482; Sedgwick on Measure of Damages, 307.) Sedgwick, in the able work last cited, says, on page 307 : "Any rule by which actual damages are given, where no actual loss is sustained, is in truth nothing but an effort to engraft on the Courts of common law a species of specific performance, irregular and illegitimate, and which neither their forms of procedure nor the general arrangement of their system, enable them to exercise without great danger of injustice and abuse. The rule should be considered cardinal and absolute, that *actual* compensation should be given for *actual* loss."

The authorities generally, though not uniformly, sustain this rule. In *Wilde* v. *Joels*, 15 How. Pr. 320, Mr. Justice Hoffman held, in an action upon an injunction bond, similar in its conditions to the one in this case, that " if a client can be made responsible, and a claim is reasonable, a bond of indemnity would appear to cover such a liability as much as an actual advance." This doctrine is deduced by the learned Judge from the presumed analogy between the grounds of recovery in actions on injunction bonds, and actions for injuries to the person. But the supposed analogy does not exist. In an action upon an injunction bond the liability depends upon the express agreement of the parties—they stipulating that the obligors shall be responsible for the damages sustained; but in actions for injuries to the person, in many decisions, it is held that the defendant is answerable, not only for the damage actually sustained by the plaintiff, but also for certain liabilities the plaintiff has incurred by reason of the wrongful acts of the defendant—such as medical attendance and nursing, in a case of assault and battery, or extra costs incurred in procuring a release from an arrest made without reasonable

cause; and the Courts hold that the plaintiff may recover a reasonable compensation for those liabilities, without proof of payment.   The law casts the burden of these liabilities upon him as a consequence of his tortious acts; but in an injunction bond the responsibility of the obligor is ascertained and measured by the terms of his agreement, and he will be charged with a liability incurred by the obligee, if it is so stipulated in the bond.

The only authority cited by Mr. Justice Hoffman where the action was on an injunction bond, is the case of *Garret* v. *Hogan*, 19 Ala. 344.   The condition in the bond in that case was to " pay all damages and costs occasioned to said defendants by the *vexatious* suing out of said writ."   The plaintiff assigned breaches of the bond, but did not allege that the injunction was vexatiously sued out, and on demurrer the Court held the declaration bad, for that omission.

That virtually disposed of the appeal, but as the defendants made the point, that attorneys' fees could not be recovered by the obligees, unless they had been paid by them, the Court proceeded to consider the question, and regarded the action substantially as for a *tort*, and after speaking of the evidence that might be necessary to show that the injunction suit was instituted for the purpose of oppression and wrong—for a vexatious and malicious purpose—cites with approbation *Marshall* v. *Betner*, 17 Ala. 832, in which it is said " in cases where *malice* is the gist of the action, and *vindictive* damages recoverable, fees paid to counsel in defending against the wrongful act of the defendant, if reasonable and necessary, may be proved and considered by the jury in the assessment of damages," and then proceeds to hold, on the authority of that case, that the demand for the attorneys' fees, in the injunction suit can be maintained without proof of payment.

Considering *Garret* v. *Hogan* as an action sounding in tort, as the Court evidently did, the decision may be sustained, but in the case before us, the action is founded simply and only upon contract.

The ruling of the learned Judge who tried this action is fully

sustained by the current of the authorities.    (Sedgwick on Dam. 307.)    In *Aberdeen* v. *Blackmar*, 6 Hill, 324, which was an action upon an agreement to indemnify and save harmless the plaintiffs from any claim or demand, etc., Mr. Justice Bronson, in delivering the opinion of the Court, held that the declaration, which alleged the recovery of a judgment against the plaintiff on a demand covered by the agreement, was fatally defective, because it did not allege the payment of the judgment.

We think *Gilbert* v. *Wiman*, 1 Comst. 550, also a case precisely in point.    The suit was brought by the Sheriff on the bond given to him by his deputy, conditioned among other things that "the said Sheriff shall not sustain any damage or molestation whatsoever by reason of any act from this date done, or any liability incurred by and through said deputy." It was alleged in the declaration that judgments had been recovered against him on account of the neglect of the deputy, but it was not alleged that the Sheriff *had paid* any part of the judgments, and it was held that no recovery could be had on the bond in respect to the judgments, unless they had been paid.    (See *Edwards v. Bodine*, 11 Paige, 224.)    A liability is not a damage, according to the signification of that term, as employed in contracts, and Courts have no authority to insert the term "liability" in a contract, and then proceed to enforce the contract as they—but not the parties—have made it.

The only remaining point necessary to be noticed is, that the Court, upon the findings, should have rendered judgment for him for at least nominal damages.

The only benefit that would have accrued to him by having the judgment entered for him for that sum was, that he would have been relieved of the payment of costs, taxed in the judgment at four dollars and a half.    We think we are justified, in this respect, in invoking the maxim *de minimis non curat lex.* (*McConihe* v. *New York and Erie Railroad*, 20 N. Y. 495; *Jenning* v. *Loring*, 5 Ind. 250.)

Judgment affirmed.