# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## APRIL TERM, 1865.

28   11<br>97   495

## WILLIAM PRADER *v.* CHARLES H. GRIMM AND GEORGE COOPER.

ACTION ON INJUNCTION BOND.—The plaintiff in an action on an injunction bond is not entitled to a judgment for damages for expenses incurred for attorneys' fees and in procuring testimony, unless he proves that he has actually paid the attorney and the expenses of procuring testimony.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

Plaintiff recovered judgment in the Court below, and defendants appealed.

The other facts are stated in the opinion of the Court.

*E. Cook*, for Appellants.

*P. L. Edwards*, and *Robert C. Clark*, for Respondent.

By the Court, SANDERSON, C. J.

This is an action upon an injunction bond, and was tried under the law of appeals as it stood prior to the passage of an Act entitled "An Act to regulate appeals in this State." (Statutes 1861, p. 589.) The trial was by the Court, and the judgment was for the plaintiff. The only point which it is necessary for us to notice is to the effect that the finding does not sustain the judgment.

The finding is in the following words:

"From the evidence in this case, the Court finds all the issues in favor of the plaintiff except as to the amount of damages claimed; and in regard to damages, the Court finds that plaintiff was compelled to employ counsel to dissolve the temporary injunction, and did employ counsel, and that a reasonable counsel fee was three hundred and twenty-five dollars. The Court further finds that the plaintiff, in procuring and taking testimony to dissolve the injunction, incurred the further expense of forty-seven dollars and twenty-five cents, making the whole damage sustained by the plaintiff up to the time of giving the second bond, the sum of three hundred and seventy-two dollars and thirty-five cents. As a conclusion of law, the Court holds that the plaintiff is entitled to judgment against defendants for the sum of three hundred and seventy-two dollars and twenty-five cents, and costs."

It will be observed that the foregoing does not find that either of the sums of money therein stated have been actually paid by the plaintiff, or that he has given his note or any other security therefor.

*Wilson* v. *McEvoy*, 25 Cal. 169, was an action in all respects like the present. The only breach of the bond assigned in that case was, that by reason of the injunction the plaintiff had been compelled to retain and employ attorneys and counsellors at law, and to pay them the sum of one thousand dollars to prevent said injunction from being made perpetual, and to procure its dissolution. As in the present case, the

Court found all the issues in favor of the plaintiff, except as to the damages, as to which it found that there was no evidence of any money having been paid by the plaintiff, or of his having given any valuable or other consideration to any person for or on account of the services in question ; and thereupon and for the reason that the plaintiff had failed to establish any actual loss, and at most only a liability, the Court rendered a judgment in favor of the defendants, holding that under those circumstances no recovery could be had. On appeal to this Court we affirmed the judgment. We are entirely satisfied with the rule in that case, and upon its authority as well as upon principle the judgment in this case must be reversed and a new trial directed.

Ordered accordingly.

Mr. Justice SHAFTER expressed no opinion.