## CHARLES F. LOTT v. H. K. MITCHELL, AND E. M. ROOT.

BOND OF INDEMNITY TO SHERIFF.—If in a bond to indemnify a Sheriff for replevying property claimed by a person other than the defendant in the writ, the obligors undertake to indemnify him from any damage he may sustain by reason of any costs, suits, judgments and executions that shall come or be brought against him, the Sheriff cannot maintain an action on the bond because a judgment has been recovered against him, but must first pay the judgment.

APPEAL from the District Court, Second Judicial District, Butte County.

The defendants appealed from the judgment.
The other facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellants. The complaint does not allege the payment of the judgment of *Ellsworth* v. *Middleton*, and consequently there has been no breach of the indemnifying bond. The Sheriff was not indemnified against a liability, but against actual damage, and he sustains no damage until he pays the judgment, or some part thereof.

(*Wilson* v. *McEvoy*, 25 Cal. 169 ; *Gilbert* v. *Wyman*, 1 Comstock, 550 ; *Edwards* v. *Bodine*, 11 Paige, 224.)

*Jos. E. N. Lewis*, for Respondent, contended that the bond in suit was in legal intendment different from the one in *Wilson* v. *McEvoy*, and was in effect to indemnify against liability as well as against an actual loss.

By the Court, SHAFTER, J. :

The complaint alleges that Mitchell brought an action of replevin against Morris and another, and that the property described in the complaint and affidavit was seized by W. D. Middleton, Sheriff of Butte County. That one Ellsworth gave due notice to said Sheriff, under the one hundred and ninth section of the Practice Act, that the property was his, and that thereupon Middleton demanded of Mitchell a bond of indemnity, which demand was complied with. The undertaking was signed by Mitchell, Root and Haun, and was conditioned that Mitchell " should well and truly keep and bear harmless and indemnify the said W. O. Middleton, Sheriff, as aforesaid, of and from any and all damages, costs, suits, judgments and executions that shall or may at any time arise, come or be brought against him, by reason of the detention of said property or the delivery thereof to the plaintiff." It is further alleged that the claimant, Ellsworth, brought an action thereafter against Middleton for the taking of the property, and recovered a judgment for the sum of two thousand seven hundred and sixty-five dollars and thirty-one dollars costs. It is further alleged that " the conditions of the aforesaid bond are and have been broken by the said Mitchell in this—that though he had full knowledge of and was often requested by the plaintiff to pay the aforesaid judgment against said Middleton on account of the matters and things set forth in said bond, he has and still does continue to neglect to wholly keep and bear harmless and indemnify the said Middleton of and from any and all damages, costs of suit, judgment and execu-

tions that were brought against said Middleton by reason of the detention of the property, or delivery thereof to the said Mitchell. Plaintiff avers that Mitchell 'has and still does wholly fail to pay or satisfy in whole or in part the aforesaid judgment." It is also averred that both the bond and Ellsworth judgment have come to the plaintiff by assignment.

The complaint was demurred to on the ground of a want of facts. The demurrer was overruled, and, the defendants failing to answer, judgment was entered for the plaintiff for the amount demanded.

The only question necessary to be decided is whether the complaint 'is defective for the reason that it does not aver a payment by Middleton of the Ellsworth-judgment.

The undertaking was a mere bond of indemnity, and the case is therefore within the principle of *Willson* v. *McEvoy*, 25 Cal. 169, and *Prader* v. *Grimm*, 28 Cal. 11. The counsel for the plaintiff, however, insists that the undertaking is that Middleton should not be sued ; or if sued, that no judgment should be recovered against him—in short, that the obligee should never be charged with any liability on the ground of the seizure made by him in the course of the replevin.

The distinction is between contracting that an event shall not happen, and contracting to indemnify against the consequences of the event if it should happen. The usual condition of a jail bond is that the prisoner "shall not go without the limits," and in such case the doing of the prohibited act works a breach. (*Kip* v. *Brigham*, 7 John. 159.) In *Warwick* v. *Richardson*, 10 Mees. and Wels. 284, one of the conditions of the bond was to save from suits, and the non-performance of this undertaking, that the plaintiff should not be sued, was the breach assigned, and the one on which the plaintiff recovered. But in the case at bar, the obligors do not undertake that suits shall not be brought against Middleton, nor that judgments shall not be rendered, nor that executions shall not be issued against him ; but, on the contrary, the undertaking· assumes that such things "shall or may

4

arise," and provides, if they should, that the obligors will indemnify Middleton from any actual damage that he may sustain by reason thereof. No such damage is averred.

Judgment reversed and cause remanded, with leave to plaintiff to amend his complaint within ten days after filing remitittur and notice.