[No. 11819.   Department One. — June 4, 1887.]

## ANNA BEAL, APPELLANT, v. D. R. STEVENS ET AL., RESPONDENTS.

MORTGAGE — ASSIGNMENT OF NOTES SECURED BY — RELEASE — MARGINAL ENTRY ON RECORD — BONA FIDE PURCHASER — PERSONAL JUDGMENT AGAINST MORTGAGOR. — The action was brought to foreclose a mortgage given to secure the payment of several promissory notes maturing at different dates. The mortgage was duly recorded, and on the day of its execution the notes were assigned by the mortgagee to the plaintiff, who has ever since been the owner thereof. The first note was paid at its maturity, whereupon the mortgagee, with the consent of the plaintiff, caused a satisfaction of the mortgage to be entered in the margin of the record thereof in the following words: "Full payment and satisfaction of the within note and mortgage hereby acknowledged." The mortgage contained a provision that in case default should be made in the payment of the principal or interest of any note, as the same became due, then the whole sum remaining unpaid on the notes should become due at the option of the mortgagee, or his assigns, and that suit could be immediately brought to foreclose the mortgage. On default in the payment of the second note, the plaintiff exercised her option, and brought the present action to foreclose for the entire mortgage debt, against the mortgagors, and certain bona fide purchasers and encumbrancers claiming under them subsequent to the discharge of the mortgage. Held, that the satisfaction of the mortgage, being entered with the consent of the plaintiff, operated to discharge the mortgage lien, but did not extinguish the mortgage in so far as, with the notes, it constituted a contract of loan, and that the plaintiff was entitled to a personal judgment against the mortgagors for the entire amount of the mortgage debt.

ID. — NOTICE — BONA FIDE PURCHASERS. — Held further, that the satisfaction of the mortgage entered in the margin of the record was not notice to subsequent purchasers or encumbrancers that only one note had been paid.

WITNESS FEES — PARTY VOLUNTARILY ATTENDING TRIAL. — A party in whose favor judgment is rendered, who voluntarily attends the trial without being subpœnaed by the opposite party, and while there is called as a witness by the latter, is not entitled to witness fees or mileage.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*Hargrave & Gray,* for Appellant.

*Harris & Allen, Curtis & Otis,* and *H. C. Rolfe,* for Respondents.

McKINSTRY, J.—The action is to foreclose a mortgage on certain real estate, given January 18, 1883, by defendants Stevens and Seymour, to secure their five promissory notes of even date with the mortgage, payable to J. S. Loveland, or order, one, two, three, four, and five years from date, with interest specified.   The defendants Curtis, Soule, and Stacy are charged in the complaint with having or claiming some interest in the premises, which, if any, is subject to the Loveland mortgage. With respect to every matter, except a certain question of costs, as to which there is a bill of exceptions in the record, the cause has come to this court on the judgment roll, including the findings of fact and law.   The court below found that on the day of their date the notes were indorsed for value, and delivered to the plaintiff, and the pleadings admit that the plaintiff has ever since been the owner and holder of the five notes, except the first, which matured in January, 1884, and was paid.   There is also a finding that no part of the last four notes has been paid except one year's interest on each of them.   On the day of its date the mortgage was duly recorded.   The defendants Stevens and Seymour failed to pay the second of the promissory notes when it became due, or any part thereof, or any part of the interest, making default therein.   The mortgage sought to be foreclosed contained a stipulation by which it was covenanted that in case default should be had in the payment of the principal of any note, or any installment of interest, as the same should become due,

then the whole sum of all the notes unpaid, principal and interest, should become at once due, and payable, at the option of the mortgagee or his assigns, and that suit could be immediately brought for the foreclosure of said mortgage, etc.   On default occurring in the payment of the second note, the plaintiff exercised her option to treat as due the whole amount of the unpaid notes, and commenced this action to foreclose for the whole, on the third day of December, 1885.

The court found that on the nineteenth day of February, 1884, the "plaintiff caused J. S. Loveland, the mortgagee, to discharge the mortgage; and the said Loveland thereupon, with his own consent and the consent of the plaintiff, and the defendants Stevens and Seymour, discharged the said mortgage by an entry in the margin of the record thereof, signed by the said mortgagee, J. S. Loveland, acknowledging the satisfaction of said mortgage, in the presence of the recorder, who certified said acknowledgment; which entry of satisfaction and certificate of acknowledgment are in the words and figures following, to wit: 'Full payment and satisfaction of the within note and mortgage hereby acknowledged. J. S. Loveland. Signed and acknowledged before me this nineteenth day of February, 1884. W. F. Holcomb, County Recorder, by E. A. Nisbet, Deputy.'"

On the 19th of February, 1884, and after said mortgage was discharged, the defendant Curtis loaned to the defendants Stevens and Seymour twelve hundred dollars, and took a note therefor, with interest, payable one year after date, to secure the payment whereof Stevens and Seymour executed and delivered to Curtis their mortgage on all the real property described in the complaint, which mortgage was duly recorded on the day of its date.   And on the 30th of July, 1884, the defendants Soule and Stacy purchased the property of Stevens and Seymour in good faith, and for a valuable consideration; and on the day last mentioned, Stevens and Seymour

executed and delivered to Soule and Stacy a deed of conveyance of the property aforesaid, which deed was duly recorded on the same day. The court found that neither the defendant Curtis, nor the defendants Soule and Stacy, or either of them, when they parted with their money, respectively, had any notice or knowledge that any of the notes set forth in the complaint had been indorsed to plaintiff, or that plaintiff had any interest in the same, or any part thereof, or in said mortgage.

The court declared, as conclusions of law, that plaintiff was entitled to a personal judgment against defendants Stevens and Seymour, in the amount of the second of the promissory notes only; but that the third, fourth, and fifth of the notes described in the complaint had not matured when the action was commenced, because the mortgage mentioned in the complaint was, on the 19th of February, 1884, completely canceled as to all its conditions and covenants. Further, that the plaintiff recover nothing as against the defendants Curtis, Soule, and Stacy, and that they recover their costs, and that the real property described in the complaint is free from the Loveland mortgage.

The court erred in refusing the plaintiff a personal judgment against the defendants Stevens and Seymour for the last three notes set forth in the complaint. The contract between the plaintiff's assignor and those defendants is contained in the notes and mortgage. All those instruments are to be read together, and in case of the default mentioned in the contract, the plaintiff, at her option, was entitled to treat all the notes as due. The court, as a court of equity, having acquired jurisdiction by reason of the issues with respect to the existence or non-existence of a mortgage lien, the equity which authorized and required a personal judgment for the amount of the second note authorized and required a personal judgment for all the unpaid notes, since the court finds that no part of the last three notes had been

paid. The satisfaction in the margin of the record of the mortgage, if it operated a discharge of the mortgage lien, did not extinguish the mortgage in so far as, with the notes, it constituted the contract of loan. The plaintiff was not estopped from asserting her right to have the last three notes paid, according to the terms of her contract, by a marginal entry, the scope and purpose of which was to release the lien. Even if the acknowledgment of payment of "the note" is evidence of a receipt of the sum due on all the notes, such evidence was entirely overcome, to the satisfaction of the court below, as appears from the finding that no part of the last three notes had been paid, except one year's interest.

The question remains to be decided, What was the effect of the marginal entry upon the rights of the subsequent mortgagee and subsequent purchasers? In effect, the second defense of the fourth amended answer of the defendants Stevens and Seymour is that on February 12, 1884, they agreed to pay, and Loveland, the payee named in the notes, agreed to accept in extinguishment of their obligation to pay the principal and accrued interest of all the notes, the sum of $303; that in pursuance thereof, and on the 19th of the same February, they paid him $303; and that thereupon Loveland did in writing release them from all liability and obligation on said mortgage, "and satisfied the same by an entry in the margin of the record of said mortgage." Further the defense alleges, " on information and belief, that at the time of the agreement mentioned Loveland had the notes and mortgage in his possession. Further, that the plaintiff knew of all the transactions of Loveland with the said defendants, and was fully aware of said agreement, and consented and agreed thereto, and was fully aware of the release of these defendants, and of the satisfaction of said mortgage, and consented thereto at the time of the . . . . satisfaction of said mortgage."

It is urged by counsel for the plaintiff that the finding

of the court below that the plaintiff "caused J. S. Loveland, the mortgagee, to discharge the mortgage," and that Loveland, "with the consent of the plaintiff," discharged the same, is without the issues, because no one of the defendants avers in his answer that plaintiff caused Loveland to discharge the mortgage. But as we have seen, defendants Stevens and Seymour aver that the discharge was with the consent of the plaintiff, and the court found that the discharge was with her consent, given at the time. It is not necessary to decide whether the plaintiff's demurrer to the above-stated second count of the fourth amended answer was well taken, inasmuch as, so far as such defense or count was a plea in the nature of accord and satisfaction, the court below found upon it adversely to the defendants Stevens and Seymour, in the finding that no part of the four last notes had been paid, except one year's interest on each.

It is contended by appellants that an assignment of negotiable notes before maturity carries with them the security, and a satisfaction of a mortgage entered on the record by the original creditor, after he has sold and delivered the notes, is a mere nullity; that the party buying mortgaged premises must at his peril ascertain who then owns the notes accompanying the mortgage, and whether the same have been actually paid. Even if it should be conceded (in the absence of an assignment of the mortgage and its registration) that a subsequent purchaser is bound to know, notwithstanding a discharge of record executed by the mortgagee, that he has transferred the notes the mortgage was given to secure, and the mortgage itself as an incident to the notes,—and we do not concede it or decide the question,—yet if the indorsee or transferee of the notes consented to and approved of the discharge of the mortgage by the mortgagee, how stand the equities of the respective parties?

In the case at bar the plaintiff comes into equity to assert the continuance of the lien, as against the mort-

gagors, a subsequent mortgagee, and subsequent pur-
chasers. Clearly, she ought not to be permitted to do
this in the face of her established consent to its dis-
charge.

Section 2938 of the Civil Code provides: "A recorded
mortgage may be discharged by an entry in the margin
of the record thereof, signed by the mortgagee, or his
personal representative or assignee, acknowledging the
satisfaction of the mortgage in the presence of the re-
corder, who must certify the acknowledgment in form
substantially as follows: 'Signed and acknowledged be-
fore me, this —— day of ——, in the year ——. A B,
Recorder.'"

It is not required by the statute that the entry in the
margin of the record shall state anything with respect to
the indebtedness to secure which the mortgage was given.
It is manifest that an acknowledgment of satisfaction of
the *mortgage*, signed by plaintiff, would have been suffi-
cient, and that the words "full payment" and "note" are
surplusage. The entry, signed by Loveland with plain-
tiff's consent, must be construed in like manner. When
the mortgage was discharged the lien ceased, and unless
the marginal satisfaction was induced by fraud, or was
a mistake, with the knowledge of defendants Curtis,
Soule, or Stacy, they were not bound to inquire what, if
any, was the consideration for the discharge of the lien.
A mortgagee may voluntarily discharge his mortgage,
relying upon the general credit and responsibility of the
mortgagor, or he may do so in consideration of receiving
other security, or for any other reason satisfactory to
himself. If the marginal discharge expressly recited
that it was executed in consideration of the payment of
the first of the five promissory notes, the lien would have
ended.

It is insisted that defendants Curtis, Soule, and Stacy
were not "in good faith" because the marginal entry in-
formed them that only one note had been paid. But, in

the first place, the matter with respect to payment of "the note" was not properly of record as part of the marginal entry; therefore no constructive notice. In the second place, the discharge was complete if made in consideration of the payment of one note. If it be said the insertion of the words, "full payment of the note is acknowledged," was evidence to put the subsequent parties on inquiry that Loveland (acting with the consent and approval of plaintiff) was induced by the fraud of the defendants Stevens and Seymour to sign the marginal entry, or that it was done under a mistake, the matter unnecessarily inserted in the marginal entry was, at most, evidence tending to prove notice of fraud or mistake, if any existed, and no such fraud or mistake was pleaded, proved, or found.

The court below denied the plaintiff's motion to retax by striking from defendants' cost-bill two items, one being a charge for mileage as to witness E. E. Stacy, party to the suit, taxed at $16, and the other his fees for two days' attendance as a witness, $4. Stacy was not subpœnaed as a witness.

The parties to a suit are competent witnesses. (Code Civ. Proc., sec. 1879.) The statute in force in San Bernardino County gives to witnesses fees for attendance and mileage. (Hittell's Code, sec. 2720.) In the present case, the court below could have allowed or refused to allow costs to the defendants other than the mortgagors named in the complaint, or could have apportioned costs between them and the plaintiff. (Code Civ. Proc., secs. 1022, 1024, 1025.) The object of section 1879 of the Code of Civil Procedure, so far as it relates to parties to an action, is to change the common-law rule, and to render such parties competent to testify. Fairly construed, the statute which allows fees and mileage to witnesses relates, in ordinary cases, only to witnesses who may be compelled by subpœna to attend the trial, or to give their deposition, and in case of a party, to one who has been subpœnaed

by the opposite party.   It may be that a witness not a party, who is subject to subpœna, may ordinarily be allowed, not only his attendance, but mileage, although not actually subpœnaed.   But it appears from the bill of exceptions that Stacy, who was a party, was not subpœnaed.   If he testified on his own behalf, it must be presumed he supposed his attendance was necessary for that purpose, even if, in support of the action of the court below, we assume that he was called to the stand by the plaintiff or a co-defendant.   We think it is not intended by the statute that he should be allowed compensation for his voluntary attendance on the trial, or mileage. His presence must be referred to his natural interest as a party to the litigation.   We are informed it has been the practice of the Superior Courts almost uniformly to refuse to allow such charges.

Judgment reversed, with direction to the court below to enter a judgment in accordance with the views expressed in the foregoing opinion.

TEMPLE, J., and PATERSON, J., concurred.

Hearing in Bank denied.