DOUGLAS S. THROPP, Respondent, *v.* J. BRADFORD ERB et al., Appellants.

(Argued October 24, 1930; decided November 18, 1930.)

*J. B. Erb* and *Henry Amerman* for appellants. Plaintiff having voluntarily entered his appearance in the action in which the warrant of attachment was issued, by filing his answer therein within seventeen days after the alleged service of the warrant, placed himself in the same position as any other party defendant in a similar action, who has had delivered to him in person a copy of the summons within the State; and it was incumbent on him to defend the action, regardless of any question of non-residency. (Civ. Prac. Act, §§ 218, 225, 237; *Seventeenth Ave.* v. *Oscar Operating Corp.*, 215 App. Div. 106; *Gardner* v. *Condon*, 117 Misc. Rep. 97; *Herman* v. *Apetz*, 130 Misc. Rep. 618; *Taylor* v. *Best*, 14 C. B. 487; *Reed* v. *Chilson*, 142 N. Y. 152; *Olcott* v. *MacLean*, 73 N. Y. 223; *Jones* v. *Jones*, 108 N. Y. 415; *DeSimone* v. *Trans. Maritimos*, 200 App. Div. 82; *Catlin* v. *Rick*, 91 N. Y. 668; *Pomeroy* v. *Ricketts*, 34 Sup. Ct. Rep. 242; *Fuller* v. *Beck*, 53 Sup. Ct. Rep. 519; *Northampton Nat. Bank* v. *Wylie*, 52 Hun, 146.) Attorneys' fees as an element of damage, in an action on a statutory undertaking, given to procure a warrant of attachment against the property of a non-resident, cannot be allowed where the defendant is shown to have entered his voluntary general appearance in the attachment suit, and where it

appears that he was unable or had failed to legally establish any loss or injury as a result of the issuance of said warrant. (*Balinsky* v. *Gross,* 72 Misc. Rep. 7; *Tyng* v. *American Surety Co.,* 174 N. Y. 166.)

*William H. Hall* and *Edward Ward McMahon* for respondent. A non-resident is entitled to recover the cost of employing counsel to defend an action which is instituted by the levy of a warrant of attachment against his property where the attachment could not have been vacated by a motion in advance of the trial. (*Balinsky* v. *Gross,* 72 Misc. Rep. 7; *Holly* v. *Rosenstein,* 94 Misc. Rep. 292; *Cook* v. *National Surety Co.,* 169 App. Div. 656; *Northrup* v. *Garrett,* 17 Hun, 497.)

LEHMAN, J. In December, 1923, the defendant J. Bradford Erb obtained a warrant of attachment in an action in which he was the plaintiff and this plaintiff was a defendant. At that time this plaintiff was a resident of Pennsylvania. He had bank accounts in the Guaranty Trust Company in New York city and he had deposited with that bank securities, as collateral for a loan made to him. A levy under the warrant of attachment was made upon the bank accounts and securities. The bank sent to the plaintiff, by mail, notice of the levy and a copy of the summons and complaint which had been served upon it. No summons was ever served upon this plaintiff personally, and no order was obtained for service by publication. More than ten days before the expiration of the period within which service of the summons by publication might have been commenced (Civ. Prac. Act, § 905), this plaintiff entered a general appearance in the attachment suit.

The plaintiff made no motion before trial to vacate the attachment. He was correctly advised by his counsel that such a motion would be futile for the warrant was valid on its face and the plaintiff was in fact a non-resident. True, the securities deposited with the bank as collateral

for a loan to the plaintiff were subsequently released from the levy, upon proof that these securities were the property of the plaintiff's mother and were to be returned to her after the loan was paid; but the plaintiff's own property remained subject to the levy until he successfully defended the action on the merits and judgment was entered in his favor after a trial of the issues.

Then the plaintiff brought this action to recover, from the surety on the statutory undertaking and from the plaintiff in the attachment action, the damages he sustained by reason of the attachment. The plaintiff paid his attorneys in the attachment action the sum of $1,000. He claims, as damages, reimbursement for that sum. The jury included other items of alleged damage in its verdict, but on appeal the judgment entered on the verdict was modified by the excision of all such items. Upon this appeal the only question presented is whether the legal expenses incurred by the defendant in his successful defense of the action are damages " sustained by reason of the attachment," recoverable in an action upon the statutory undertaking to pay such damages.

No trial of the merits of the cause of action is necessary to release property from the lien of a levy of a warrant of attachment invalid on its face. Such a warrant might be vacated on proper motion. If a defendant instead of making such a motion chooses to appear generally in an action and to defend it on the merits, his appearance may be for the dual purpose of getting rid of the attachment and of disposing of the issues; but he can hardly assert that his defense on the merits was for the purpose of disposing of the attachment and that expenses incurred in such defense were " damages sustained by reason of the attachment " where the defendant might have rid himself of the attachment without such defense and without incurring such expenses. So this court decided in *Olsen* v. *U. S. Fidelity & Guaranty Co.* (230 N. Y. 31).

The decision in that case is expressly confined to

actions where a defendant "was entitled as matter of law to have the warrant vacated upon the papers upon which it was granted." Then a motion to vacate must be made in order to entitle a defendant in an attachment action to recover legal expenses as damages sustained by reason of the attachment. The court stated that it was "unnecessary to consider under just what circumstances importing only a reasonable chance of success it may be necessary for a defendant in an attachment action, to make a motion to have the warrant vacated as a condition precedent to recovering under a bond for expenses incurred in defending the action."

Without proof that a defendant has used every remedy open to him to dispose of an attachment without a trial on the merits, the chain of causation from the warrant of attachment to the expenses incurred in a trial on the merits may at times be incomplete. In the present case there would have been no "reasonable chance of success" if a motion had been made to vacate the warrant. No contention can be seriously raised that this plaintiff could have rid himself of the warrant of attachment except by a trial on the merits. No futile motion to vacate was necessary to complete the chain of causation between the warrant of attachment and the expenses incurred in the successful defense. Our decision in the case of *Northampton Nat. Bank* v. *Wylie* (52 Hun, 146; affd., 123 N. Y. 663) is not authority to the contrary. There, it is true, a motion to vacate the warrant would probably have been ineffectual, for the courts of this State had decided that under the law as it then stood, an attachment might validly issue against a National bank located in another State; but after the trial of the attachment action, the Supreme Court of the United States held otherwise (*Pacific Nat. Bank* v. *Mixter*, 124 U. S. 721). Under that decision, if the National bank, against which the attachment had issued, had chosen not to defend the action, no judgment could

have bound the property seized under the void warrant of attachment and the courts held that the National bank's appearance and defense on the merits was to meet and dispose of the claim made against it rather than to dispose of the void attachment.

In each case the question of whether the defense on the merits was the result of the warrant of attachment must depend upon the circumstances of that case. Where that is established the expenses of the defense on the merits may be recovered in an action upon the statutory undertaking as damages sustained by reason of the attachment. This court has reached a similar conclusion in actions brought upon injunction bonds and in the present case " by analogy of reasoning, cases arising upon undertakings given upon the granting of injunctions are applicable." (*Tyng* v. *American Surety Co.*, 174 N. Y. 166; *Olsen* v. *U. S. Fidelity & Guaranty Co.*, *supra.*)

Here the defendant in the attachment action was a non-resident. Unless he chose to come into the State personally or by general appearance, the courts of this State could acquire no jurisdiction over his person. By attachment proceedings the court could acquire jurisdiction over property within this State. The attachment proceedings in this case were valid. If service of the summons by publication were commenced within thirty days and completed in accordance with the statute, the defendant could dispose of the attachment only by a defense of the action on the merits. Delay in entering an appearance would delay release of his property. The evidence in this case is sufficient to sustain a finding that the owner of the property entered an appearance for the sole purpose of releasing his property. He was not bound to await service of the summons by publication. Such service, if completed, could not compel a personal appearance in the action, and even before such service, the levy under the warrant was valid and would remain valid unless the action was abandoned or defeated. The

levy in the attachment action was the cause which induced the defendant in that action to appear and defend on the merits, though no summons was served upon him. Since it was the inducing cause of that appearance and defense, the expenses properly incurred in the defense constitute " damages sustained by reason of the attachment " within the intent and meaning of the undertaking.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.