[Civ. No. 10173.   Third Dist.   Sept. 6, 1961.]

JAMES F. GROTE, Appellant, v. AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Respondent.

R. Lee Bagby for Appellant.

Burton & Hennessy for Respondent.

WARNE, J. pro tem.*—This is an appeal by plaintiff James F. Grote from a judgment in favor of appellant and his co-

*Assigned by Chairman of Judicial Council.

plaintiff in an action upon an attachment bond. The judgment awarded plaintiffs $50 which represented costs of suit allowed plaintiffs in a former attachment action wherein certain funds claimed by plaintiffs herein were wrongfully attached. Appellant contends that the disallowance of additional damages claimed to have been the result of wrongful attachment was error.

The complaint in the present action alleges that the writ of attachment "was regular on its face and for that reason not subject to a motion to vacate or dissolve it; that these plaintiffs had no other adequate remedy at law to dissolve said attachment, except to appear and defend said action on its merits, . . . ." Plaintiffs herein sought damages in the sum of $500 attorney's fees, allegedly paid for the defense of the attachment action, and interest on the money attached in the sum of $125, in addition to the $50 costs awarded in the prior action.

The answer of the defendant, American Surety Company, is not made a part of the record in this case. However, it appears in the pretrial conference order that the defendant's contention was that the effect of the judgment entered in the former action was not effective to create any liability upon the part of the defendant.

At the trial a stipulation was entered into between the parties whereby the case was submitted "upon the complaint and answer on file and the evidence produced, the file and papers therein and judgment . . ." in the prior action. It was also stipulated that the measure of damage in the present case should not exceed $275, which was the limit of liability upon the bond.

Neither the answer of the surety herein nor the transcription of the evidence produced nor the file and papers in the prior action have been made a part of the record on this appeal. ■ The appeal comes to this court on the judgment roll only, and in such a case this court must follow the rule that on appeal on the judgment roll alone, or on a partial or complete clerk's transcript, there is no presumption that the record contains all matters material to a determination of the points on appeal unless the error appears on the face of the record. (Rules on Appeal, rule 52; 3 Witkin, California Procedure, pp. 2239-2243.) Here the asserted error does not appear upon the face of the record so the presumption that the record contains all matters material to a determination of the points on appeal is not applicable. ■ It is true

that in *Reachi* v. *National Automobile & Casualty Co.*, 37 Cal.2d 808 [236 P.2d 151], the rule was enunciated that where an attachment is regular on its face and the wrongfulness of the levy can only be shown in a trial on the merits, reasonable attorney's fees incurred in the defense of the main action may be recovered in a suit against a surety company on the bond it issued. But the record before this court does not include the complaint in the original action or the affidavit in support of the application for a writ of attachment. From the record we cannot ascertain whether appellant's contention in the complaint in this action that a defense on the merits was the only way to dissolve the attachment was correct. We must assume that the refusal of the trial court to award attorney's fees was supported by the record presented to it, and we must assume that a direct attack on the attachment would have shown the wrongfulness of the levy. The judgment is presumed to be correct. All intendments and presumptions are indulged in to support it on matters as to which the record is silent. (3 Witkin, California Procedure, p. 2238, and cases cited.)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.