76 F.3d 295
 96 Cal. Daily Op. Serv. 913, 96 Daily Journal
D.A.R. 1451,
Pens. Plan Guide P 23917V
SAN FRANCISCO CULINARY, BARTENDERS AND SERVICE EMPLOYEES
WELFARE FUND; San Francisco Culinary, Bartenders
and Service Employees Pension Trust
Fund, Plaintiffs-Appellants,
v.
Ivan LUCIN and Katica Lucin, individually and as a partner
dba Il Pirata, Defendants-Appellees.
 No. 94-16091.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided Feb. 8, 1996.
 
 Appeal from the United States District Court for the Northern District of California; Charles A. Legge, District Judge, Presiding.
 Earl L. Bohachek, Rubenstein & Bohachek, San Francisco, California, for plaintiffs-appellants.
 Kenneth G. Downs, Proskauer, Rose, Goetz & Mendelsohn, San Francisco, California; Daniel Eaton, Proskauer, Rose, Goetz & Mendelsohn, Los Angeles, California, for defendants-appellees.
 Before: GOODWIN and REINHARDT, Circuit Judges, KING, Senior District Judge.*
 GOODWIN, Circuit Judge:
 
 
 1
 Plaintiffs ("Trust Funds") appeal the award of attorneys' fees to Defendants, the Lucins, pursuant to a California wrongful attachment statute. The Trust Funds argue that either the wrongful attachment statute (at least to the extent that it authorizes attorneys' fees for the work done in the underlying ERISA action) or the fee award itself is preempted by ERISA's attorneys' fee provision.
 
 
 2
 The underlying action was brought pursuant to § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, et. seq., and § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, et seq. The district court had federal question jurisdiction pursuant to 29 U.S.C. § 1331, and this Court has jurisdiction pursuant to 28 U.S.C. 1291.
 
 
 3
 The Trust Funds sought unpaid employee fringe benefit contributions pursuant to a welfare benefit plan from the restaurant Il Pirata (owned by the Lucins) for the period from January 1, 1989 through March 1991. Pursuant to state law, the district court granted the Trust Funds a Writ of Attachment on $46,500 held for the Lucins, in a liquor license escrow, pending the outcome of the case on the merits. The Lucins unsuccessfully attempted to have the attachment lifted prior to their favorable decision on the merits. The district court ultimately granted the Lucins' motion for summary judgment but denied their motion for attorneys' fees or costs under ERISA.
 
 
 4
 The district court's denial of attorneys' fees was affirmed by this Court in an unpublished decision issued December 7, 1993.[1] The Lucins then filed a Motion for Judgment Enforcing Liability for Undertaking for Wrongful Attachment.[2] The district court granted the motion, holding that, as a matter of state law, the attachment had been wrongful, as demonstrated by the failure of the Trust Funds to succeed on the merits of the claim. It then awarded the Lucins $74,410.00 in damages, including interest in the amount of $7,235.10, costs in the amount of $3,757.18, and attorneys' fees in the amount of $63,557.50. The district court included in its attorneys' fees calculation the amount of fees attributable to the Lucins' successful effort to defeat the ERISA action. The court reasoned that in order to win the wrongful attachment action, the Lucins necessarily had to prevail in the ERISA action. See Reachi v. National Automobile & Casualty Insurance Co., 37 Cal.2d 808, 811, 236 P.2d 151 (1951) (where the only manner by which the attachment can be discharged is to defend and win the principal action on the merits, attorneys' fees are recoverable); See also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 436 n. 10, 94 S.Ct. 1113, 1123 n. 10, 39 L.Ed.2d 435 (1974) (federal courts must apply state attachment law).
 
 DISCUSSION:
 
 5
 The Trust Funds argue that in a case in which the propriety of awarding attorneys' fees against ERISA plaintiffs has been ruled upon previously by both the district court and this court, with both courts denying such fees, a subsequent award of the fees pursuant to a state statutory provision must be deemed to conflict with ERISA and be preempted as a matter of law. We agree. ERISA preempts an award of attorneys' fees for work done in an ERISA action when those fees are determined according to the standards of a state statute and the state standards differ from the standards that are applicable under ERISA. At times the Trust Funds appear to argue that the state wrongful attachment statute itself, at least as applied, is preempted. However, it is neither necessary nor desirable to invalidate the state statute. Accordingly, we limit our analysis to the lawfulness of the fee award.
 
 
 6
 In our earlier memorandum disposition determining the merits of this action, we affirmed the district court's denial of attorneys' fees on the basis of our assessment of the five factors that this court and the district courts must consider in deciding a motion for attorneys' fees under ERISA:
 
 
 7
 In Hummell v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir.1980), we specified five factors that should be considered when reviewing motions for attorney's fees under Section 502(g)(1):
 
 
 8
 (1) the degree of the opposing parties' culpability or bad faith;
 
 
 9
 (2) the ability of the opposing parties to satisfy an award of fees;
 
 
 10
 (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances;
 
 
 11
 (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and
 
 
 12
 (5) the relative merits of the parties positions.
 
 
 13
 Id. at 453. We have also cautioned that " 'the Hummell factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs.' " Graphic Communications Union No. 2 v. GCIU-Employer Retirement Benefit Plan, 917 F.2d 1184, 1189 (9th Cir.1990) (quoting Operating Eng'rs Pension Trust v. Gilliam, 737 F.2d 1501, 1502 (9th Cir.1984)).
 
 
 14
 We find no abuse of discretion in the denial of attorney's fees. The record does not support Il Pirata's contention that the Trust Funds were acting in bad faith. Further, the Trust Funds have a duty to take reasonable steps to protect the funds for the benefit of the participants and beneficiaries of the plan. A denial of attorney's fees in this case would also be consistent with the general disfavoring of attorney fee awards in ERISA cases. We also deny attorney's fees on appeal.
 
 
 15
 San Francisco Culinary, Bartenders & Service Employees Welfare Fund v. Lucin, No. 92-15086 at 7-8, 1993 WL 508142 (9th Cir. December 7, 1993).[3]
 
 
 16
 Section 514(a) of ERISA provides that ERISA provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). An "employee benefit plan" includes "any employee welfare benefit plan." 29 U.S.C. § 1002(2)(B)(3). Given this statutory language, this Court has previously concluded that Congress included within ERISA "one of the broadest preemption clauses ever enacted by Congress." PM Group Life Ins. v. Western Growers Assur. Trust, 953 F.2d 543, 545 (9th Cir.1992). In order to determine whether a state law is preempted, "we must look at whether it encroaches on the relationships regulated by ERISA." General American Life Ins. Co. v. Castonguay, 984 F.2d 1518, 1522 (9th Cir.1993). "It doesn't matter whether the state law regulates the relationship directly (by telling the parties what they can or cannot do), or indirectly (by imposing on the parties extra duties that flow from their conduct in this relationship.)" Id. In this case, we do not declare the state statute itself preempted but only any implementation of it that fails to use the applicable ERISA standards to determine the propriety of an award of attorneys' fees for work done in the underlying ERISA action. See Silkwood v. Kerr-McGee Corp., 464 U.S. 238, 245, 104 S.Ct. 615, 620, 78 L.Ed.2d 443 (1984).
 
 
 17
 ERISA § 502(g) states that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). This provision directly regulates the relationship between plan participants and employers involved in ERISA litigation. Our Hummell decision set forth the standards governing the award of fees in such cases. No state statute or state rule of law can vary those standards. Therefore, the district court's decision to apply a state statute and grant the defendant's attorneys' fees for work done in the underlying ERISA action notwithstanding the fact that both the district judge and this court had previously determined that the defendants were not entitled to recover such fees under ERISA cannot stand. The part of the award that is intended to grant fees for work performed in the underlying ERISA suit is preempted.
 
 
 18
 However, to the extent that state law provides for attorneys' fees with respect to a state law action, ERISA is not implicated. For example, we have held that ERISA's attorneys' fees provision, § 1132(g), does not apply to costs incurred in litigating state court actions because they are not brought under ERISA. Downey Community Hospital v. Wilson, 977 F.2d 470, 474 (9th Cir.1992). Likewise, a wrongful attachment action, although not brought in state court, is a state law claim separate from ERISA. It follows that § 1132(g) does not apply to the benefit, or more importantly here, to the detriment of the Lucins on their state law wrongful attachment action, except to the extent that the award at issue serves to award fees for work performed in the ERISA action itself. For if ERISA attorney's fees provisions do not apply to non-ERISA actions generally, those provisions likewise do not preempt them generally. The district court correctly concluded that the Lucins could recover attorneys' fees, pursuant to state law, for the money they spent defeating the wrongful attachment.
 
 
 19
 The district court erred only in determining that because it was necessary to spend the money the Lucins spent on the merits of the ERISA action in order to succeed in the wrongful attachment proceeding, the Lucins were entitled to recover the ERISA portion of their attorneys' fees and costs, in addition to the portion that may properly be attributable to the attachment proceeding itself.
 
 
 20
 If a litigant were permitted to resort to a state statutory procedure to reach around ERISA's attorneys' fees provisions for fees on an ERISA claim, the purposes of the ERISA provision would be severely undermined. Trust Funds should not be deterred by fee litigation from seeking attachments to ensure that there will be money available to satisfy a judgment that they win on the merits. Trust Funds may be required to assume the cost of the fees attributable to an attachment proceeding itself, but not the cost of the fees required to defend against an underlying ERISA action, unless the propriety of awarding such costs has not previously been determined in the ERISA action and such costs can properly be awarded under the applicable ERISA standards. See Hummell, 634 F.2d at 453.
 
 
 21
 Therefore, the matter of attorneys' fees is remanded so that the district court may determine, if possible, how much the Lucins spent solely on defeating the wrongful attachment, exclusive of the fees attributable to the underlying ERISA action. If it is not possible thus to segregate the costs, then no award of attorneys' fees can be made.
 
 
 22
 AFFIRMED in part, and REVERSED in part, and REMANDED for further proceedings. No party to recover costs on appeal.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 [1]
 San Francisco Culinary, Bartenders & Service Employees Welfare Fund v. Lucin, No. 92-15086, 1993 WL 508142 (9th Cir. December 7, 1993)
 
 
 [2]
 See California Code of Civil Procedure §§ 490.010 and 490.020
 
 
 [3]
 Because the unpublished disposition is the law of the case, we cite it at this point pursuant to Ninth Circuit Rule 36-3 as a specific exception to our long-standing rule that unpublished dispositions may not be cited otherwise "to or by this court."